James G. Sandler, Bar No. 067407
Richard M. Valdez, Bar No. 156957
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone: (619) 235-5655
Facsimile: (619) 235-5648
Email: jsandler@sllbv.com
E-mail: rvaldez@sllbv.com

James F. Bogan, III (*pro hac vice* application to be filed)
C. Allen Garrett, Jr. (*pro hac vice* application to be filed)
**KILPATRICK STOCKTON LLP**
Suite 2800, 1100 Peachtree Street
Atlanta, GA 30309-4528
Telephone: (404) 815-6467
Facsimile: (404) 541-3133
Email: JBogan@KilpatrickStockton.com
Email: AGarrett@KilpatrickStockton.com

Attorneys for Defendant and Counter-Claimant YELLOWPAGES.COM, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HERMAN d/b/a CREATING WELLNESS CHIROPRACTIC CENTER, CYNTHIA GIBSON d/b/a TELEPHONE JACKS, LISA FEELEY d/b/a ALL BAY LOCKSMITH and JEFFREY P. ORDWAY d/b/a EARTHWERKS UNLIMITED, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YELLOWPAGES.COM, LLC,<br><br>    Defendant.<br><br>YELLOWPAGES.COM, LLC.<br><br>    Counter-Claimant,<br><br>    v.<br><br>AMANDA HERMAN d/b/a CREATING WELLNESS CHIROPRACTIC CENTER, CYNTHIA GIBSON d/b/a TELEPHONE JACKS, LISA FEELEY d/b/a ALL BAY LOCKSMITH and JEFFREY P. ORDWAY d/b/a EARTHWERKS UNLIMITED,<br><br>    Counter-Defendants. | Case No. 10-CV-0195-JAH(JMA)<br><br>**ANSWER TO COMPLAINT AND COUUNTERCLAIM OF YELLOWPAGES.COM, LLC FOR BREACH OF FORUM SELECTION CLAUSE, BREACH OF CONTRACT AND UNJUST ENRICHMENT**<br><br>Complaint Filed:  January 26, 2010 |

1    YellowPages.com, LLC ("YellowPages.com") hereby asserts its Answer, Affirmative

2    Defenses, and Counterclaim in response to the Complaint filed by Plaintiffs Amanda Herman d/b/a

3    Creating Wellness Chiropractic Center, Cynthia Gibson d/b/a Telephone Jacks, Lisa Feeley d/b/a All

4    Bay Locksmith, and Jeffrey P. Ordway d/b/a Earthwerks Unlimited (collectively "Plaintiffs"):

5                                    **ANSWER TO COMPLAINT**

6    YellowPages.com responds to the individually-numbered paragraphs of the Complaint as

7    follows:

8    Responding to the introductory paragraph before paragraph 1, YellowPages.com admits that

9    Plaintiffs purport to represent a putative class but denies that class certification is appropriate in this

10   case. YellowPages.com is without knowledge or information sufficient to form a belief as to the

11   truth of the remaining allegations in the introductory paragraph and therefore denies them.

12       1.    YellowPages.com admits that Plaintiffs have filed this action as a putative class

13   action, but denies that it engaged in any "deceptive and fraudulent business practices," denies that

14   class certification is appropriate, and denies all remaining allegations in paragraph 1.

15       2.    YellowPages.com states that it is without knowledge or information sufficient to form

16   a belief as to the truth of the allegation concerning when Plaintiffs' counsel visited

17   www.yellowpages.com and therefore denies it. Otherwise, YellowPages.com states that its website

18   speaks for itself and denies all allegations in paragraph 2 that are inconsistent with the

19   representations made on its website.

20       3.    With respect to the first sentence, YellowPages.com admits that it is in the business of

21   selling advertising on the Internet, denies that it sells advertising to "consumers," and denies all other

22   allegations in the first sentence of paragraph 3. YellowPages.com denies the allegations in the

23   second and third sentences of paragraph 3. Regarding the fourth sentence, YellowPages.com admits

24   that its website can be searched by category or by business name near specific geographic areas, but

25   otherwise denies the allegations in the fourth sentence.

26       4.    YellowPages.com admits that its sales employees sell advertising over the telephone

27   and by visiting business customers at their place of business. YellowPages.com otherwise denies the

28   allegations in paragraph 4.

X:\Clients\1912\0001\LIT\00029715.DOC                          1

5.    YellowPages.com denies paragraph 5.

6.    YellowPages.com states that subsection (a) is based on the false premise that its salespeople utilize the same sales presentation every time they interact with a business customer. YellowPages.com therefore denies subsection (a).  YellowPages.com states that subsection (b) identifies several advertising products it offers in subparagraphs (i) through (iii) but denies that Plaintiffs fully and accurately describe those products.  YellowPages.com denies all remaining allegations in paragraph 6.

7.    YellowPages.com denies paragraph 7.

8.    With respect to the first sentence, YellowPages.com admits that, as an educational tool, certain of its sales representatives have been provided a sales presentation to learn during their sales training, but states that sales representatives are instructed to customize individual sales presentations based on the needs of specific advertisers.  YellowPages.com denies all remaining allegations in paragraph 8.

9.    YellowPages.com denies paragraph 9.

10.    In response to paragraph 10, YellowPages.com denies that Plaintiffs' claims have any merit but admits that federal subject matter jurisdiction is proper under the Class Action Fairness Act.  YellowPages.com further states that, in light of the mandatory forum selection clause contained in the contracts between YellowPages.com and Plaintiffs, this Court should relinquish jurisdiction and transfer this case to the United States District Court for the Southern District of New York.

11.    YellowPages.com admits that it conducts business in California but otherwise denies paragraph 11 (see response to paragraph 10 above).

12.    YellowPages.com admits that SBC and BellSouth entered into a joint venture in October of 2004 and that the joint venture purchased the URL www.yellowpages.com. YellowPages.com further admits that aspects of the websites previously operated by SBC and BellSouth were contributed to the www.yellowpages.com website.  YellowPages.com denies the remaining allegations of paragraph 12.

13.    YellowPages.com admits that the first sentence of paragraph 13 accurately quotes from its press release dated April 28, 2005, but denies the allegations to the extent inconsistent with

1  that press release. YellowPages.com admits that the second sentence of paragraph 13 identifies

2  advertising products it offered in April of 2005 but denies that Plaintiffs have fully or accurately

3  described those products. YellowPages.com denies any remaining allegations in paragraph 13.

4    14. YellowPages.com admits that employees with experience in the telecommunications

5  industry drafted a sales presentation in early 2006 that has been utilized as a training device for new

6  sales representatives, but states that sales representatives are instructed to customize individual sales

7  presentations based on the needs of specific advertisers. YellowPages.com denies that any sales

8  presentation was "crafted" to be misleading and denies the remaining allegations of paragraph 14.

9    15. YellowPages.com admits that, as an educational tool, certain of its sales

10 representatives, including representatives in Philadelphia, New York, and Baltimore, have been

11 provided a sales presentation to learn during their sales training, but states that sales representatives

12 are instructed to customize individual sales presentations based on the needs of specific advertisers.

13 YellowPages.com states that Plaintiffs' references to "successful" and "success" in paragraph 15 are

14 vague and therefore denies all remaining allegations in paragraph 15.

15   16. YellowPages.com admits that AT&T and BellSouth merged into AT&T in December

16 of 2006 and admits that YellowPages.com is an indirect subsidiary of AT&T, Inc.

17 YellowPages.com denies the remaining allegations of paragraph 16.

18   17. YellowPages.com admits that certain of its sales representatives, including

19 representatives in Philadelphia, New York, and Baltimore, have been provided with a sales

20 presentation to learn during their sales training, but states that sales representatives are instructed to

21 customize individual sales presentations based on the needs of specific advertisers.

22 YellowPages.com further admits that it has a sales training facility in Conshohocken, Pennsylvania.

23 YellowPages.com states that Plaintiffs' reference to "successful" in paragraph 17 is vague and

24 therefore denies all remaining allegations in paragraph 17.

25   18. YellowPages.com admits that it trains its salespeople but otherwise denies paragraph

26 18.

27   19. YellowPages.com admits that its sales representatives typically receive training prior

28 to commencing employment; admits that this training includes the initial approach to the advertiser,

X:\Clients\1912\0001\LIT\00029715.DOC     3

fact-finding relative to the advertiser's needs, a presentation of products to the advertiser, and closing of the transaction, and admits that sales representatives are evaluated concerning what they learned in their training. YellowPages.com further states that, although certain of its sales representatives have been provided a sales presentation to learn during their sales training as an educational tool, sales representatives are encouraged to customize individual sales presentations based on the needs of specific advertisers. YellowPages.com otherwise denies the allegations of paragraph 19.

20.     YellowPages.com admits that, as an educational tool, certain of its sales representatives have been provided with a sales presentation to learn during their sales training and that familiarity with the sales presentation is one of the many requirements to be met during their initial training, but states that sales representatives are encouraged to customize individual sales presentations based on the needs of specific advertisers. YellowPages.com further admits that sales representatives have been provided with additional marketing materials. YellowPages.com denies all remaining allegations in paragraph 20.

21.     YellowPages.com admits that its sales representatives typically receive training before they are permitted to interact with potential advertisers. YellowPages.com otherwise denies the allegations in paragraph 21.

22.     YellowPages.com admits that its sales representatives have performance requirements and admits that the attrition rate for sales representatives has exceeded 50% at certain times during the class period. YellowPages.com otherwise denies the allegations in paragraph 22.

23.     YellowPages.com denies paragraph 23.

24.     YellowPages.com admits that paragraph 24 quotes accurately in part from sales presentations used as educational tools during the training of YellowPages.com sales employees (those presentations speak for themselves, and the allegations in paragraph 24 are denied to the extent inconsistent with those presentations); that its distribution network provides exposure across popular Internet sites; that it offers products related to both Internet search engines and the YellowPages.com online directory; that its sales representatives utilize a system called "Samurai" to obtain information used in sales presentations; and that it offers a program called YPClicks! that is

///

1  designed to deliver a predetermined number of clicks.  Otherwise, YellowPages.com denies the

2  allegations in paragraph 24.

3      25.    The allegations of paragraph 25 are based on the premise that the salespeople of

4  YellowPages.com utilize the same sales presentation each time they attempt to sell advertising to

5  business customers.  Because that premise is false, YellowPages.com denies paragraph 25.

6  YellowPages.com further denies that the sales presentation contains misrepresentations.

7      26.    YellowPages.com admits that it offers several advertising products, including the

8  "YPClicks!" program, the "Pay-Per-Call" program, and "Tile" positions.  YellowPages.com

9  otherwise denies the allegations in paragraph 26.

10     27.    YellowPages.com denies paragraph 27.

11     28.    YellowPages.com denies paragraph 28.

12     29.    The allegations of paragraph 29 are based on the premise that the salespeople of

13  YellowPages.com utilize the same sales presentation each time they attempt to sell advertising to

14  business customers.  Because that premise is false, YellowPages.com denies paragraph 29.

15  YellowPages.com further denies that the sales presentation contains misrepresentations.

16     30.    YellowPages.com is without knowledge or information sufficient to form a belief as

17  to the truth of Plaintiffs' generalizations about how "[m]ajor Internet search providers" generally

18  conduct their business in the "dynamic atmosphere" of the "Internet search engine industry," which,

19  according to Plaintiffs' allegations, is constantly changing.  YellowPages.com therefore denies

20  paragraph 30.

21     31.    YellowPages.com denies the first three sentences of paragraph 31 (see response to

22  paragraph 30).  The fourth sentence of paragraph 31 is based on the false premise that the

23  salespeople of YellowPages.com utilize the same sales presentation each time they attempt to sell

24  advertising to business customers and is therefore denied.  YellowPages.com further denies that the

25  sales presentation contains misrepresentations.

26     32.    YellowPages.com denies paragraph 32.

27     33.    YellowPages.com denies paragraph 33.

28     34.    YellowPages.com denies paragraph 34.

X:\Clients\1912\0001\LJT\00029715.DOC                     5

1    35.    YellowPages.com admits that it provides its salespeople with resources to use in sales
2  presentations, such as information showing the number of searches conducted for particular products
3  or services.  Because paragraph 35 is based on the false premise that the salespeople of
4  YellowPages.com utilize the same sales presentation each time they attempt to sell advertising to
5  business customers, YellowPages.com otherwise denies paragraph 35.

6    36.    YellowPages.com denies that its salespeople make "false and misleading"
7  representations to its customers, denies that its salespeople use the same sales presentation each time
8  they attempt to sell advertising to business customers, and therefore denies paragraph 36.

9    37.    YellowPages.com denies paragraph 37.

10    38.    YellowPages.com denies paragraph 38.

11    39.    YellowPages.com denies that its salespeople make "false and misleading" statements
12  to its customers, denies that its salespeople use the same sales presentation each time they attempt to
13  sell advertising to business customers, and therefore denies paragraph 39.

14    40.    YellowPages.com admits that there is a limited inventory of "Tile" ads available to
15  advertisers but otherwise denies paragraph 40.

16    41.    YellowPages.com denies paragraph 41.

17    42.    YellowPages.com denies that its salespeople make "false" representations about the
18  YPClicks! program, denies that its salespeople use the same sales presentation each time they
19  attempt to sell advertising to business customers, and therefore denies paragraph 42.

20    43.    YellowPages.com denies paragraph 43.

21    44.    YellowPages.com denies paragraph 44.

22    45.    YellowPages.com denies paragraph 45.

23    46.    The allegations of paragraph 46 are based on the premise that the salespeople of
24  YellowPages.com utilize the same sales presentation each time they attempt to sell advertising to
25  business customers.  Because that premise is false, YellowPages.com denies paragraph 46.

26    47.    YellowPages.com denies paragraph 47.

27    48.    YellowPages.com denies paragraph 48.

28    49.    YellowPages.com denies paragraph 49.

1    50.    YellowPages.com denies paragraph 50.

2    51.    YellowPages.com denies paragraph 51.

3    52.    YellowPages.com states that an order is at times presented to a customer in

4    "electronic format" and that an order discloses information including, without limitation, the date,

5    the identity of the salesperson, and the products ordered by a customer.  YellowPages.com otherwise

6    denies paragraph 52.

7    53.    YellowPages.com states that the "Contract for Internet YellowPages.com

8    Advertising," a copy of which was signed by Plaintiff Dr. Amanda Herman and attached as Exhibit

9    B to the Complaint, speaks for itself and therefore denies the allegations of paragraph 53 to the

10   extent inconsistent with the terms of that contract.

11   54.    YellowPages.com denies paragraph 54.

12   55.    YellowPages.com admits that Exhibit A reflects part of the "Contract for Internet

13   YellowPages.com Advertising" signed by Plaintiff Dr. Amanda Herman.

14   56.    YellowPages.com states that the referenced "Terms and Conditions for Internet

15   Advertising" speak for themselves and denies the allegations of paragraph 56 to the extent

16   inconsistent with those terms and conditions.

17   57.    YellowPages.com denies paragraph 57.

18   58.    YellowPages.com denies paragraph 58.

19   59.    YellowPages.com denies that it has any duty to provide a "written statement

20   explaining precisely where the ads will appear," and therefore denies paragraph 59.

21   60.    YellowPages.com denies paragraph 60.

22   61.    YellowPages.com denies paragraph 61.

23   62.    YellowPages.com denies paragraph 62.

24   63.    YellowPages.com states that it is an indirect subsidiary of AT&T, Inc., but otherwise

25   admits paragraph 63.

26   64.    YellowPages.com is without knowledge or information sufficient to form a belief as

27   to the truth of paragraph 64 and therefore denies it.

28   ///

65.     YellowPages.com admits that account manager Jay Howard contacted Dr. Herman in September 2008 to discuss potential advertising opportunities.  YellowPages.com otherwise denies paragraph 65.

66.     YellowPages.com admits that Mr. Howard and his manager, Maureen Spray, paid a visit to Dr. Herman in September 2008 to discuss potential advertising opportunities.  Otherwise, YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 66 and therefore denies it.

67.     YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 67 and therefore denies it.

68.     YellowPages.com admits that during one of their meetings, Dr. Herman was shown an Ad Tracker report and that Ms. Spray has previously worked with other chiropractors in the Minneapolis/St. Paul metropolitan area.  Otherwise, YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 68 and therefore denies it.

69.     YellowPages.com denies the first two sentences of paragraph 69.  Regarding the third sentence, YellowPages.com admits that there is a limited inventory of "Tile" ads available to advertisers.  YellowPages.com otherwise denies the third sentence of paragraph 69.

70.     YellowPages.com admits that Dr. Herman was told about the services YellowPages.com provides, including the YPClicks! program.  YellowPages.com further admits that the YPClicks! program is designed to deliver a predetermined number of clicks in a given period.  Otherwise, YellowPages.com denies paragraph 70.

71.     YellowPages.com denies paragraph 71.

72.     YellowPages.com denies that Ms. Spray used a "scripted ROI Analysis" and therefore denies paragraph 72.

73.     YellowPages.com denies paragraph 73.

74.     YellowPages.com admits that Mr. Howard, Ms. Spray, Dr. Herman, and her husband met on or about September 17, 2008.  Otherwise, YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 and therefore denies them.

1    75.    YellowPages.com denies paragraph 75.

2    76.    The generalized allegations in paragraph 76 are false and therefore YellowPages.com

3  denies them.

4    77.    YellowPages.com admits that Dr. Herman contracted for 2,040 clicks during a twelve

5  month period, but otherwise denies paragraph 77.

6    78.    YellowPages.com admits that Dr. Herman signed a contract on Mr. Howard's laptop

7  on September 17, 2008 for 2,040 clicks during a twelve month period, that these terms were visible

8  on the laptop, and further states that an electronic copy of the contract, including the Terms and

9  Conditions, was then sent via e-mail to Dr. Herman.  YellowPages.com further states that a hard

10  copy of the Terms and Conditions was also provided to Dr. Herman during this visit.

11  YellowPages.com otherwise denies paragraph 78.

12    79.    YellowPages.com admits that a complete copy of the contract, including the Terms

13  and Conditions, was sent to Dr. Herman via e-mail after she agreed to the contract.

14  YellowPages.com further states that Dr. Herman did not ask any specific questions about the Terms

15  and Conditions.  Otherwise, YellowPages.com denies paragraph 79.

16    80.    YellowPages.com is without knowledge or information sufficient to form a belief as

17  to the truth of paragraph 80 and therefore denies it.

18    81.    YellowPages.com states that it provided Dr. Herman with certain reports, which

19  speak for themselves, and YellowPages.com denies the allegations in paragraph 81 to the extent they

20  are inconsistent with the reports provided to Dr. Herman.  Otherwise, YellowPages.com is without

21  knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81

22  and therefore denies them.

23    82.    YellowPages.com is without knowledge or information sufficient to form a belief as

24  to the truth of paragraph 82 and therefore denies it.

25    83.    YellowPages.com is without knowledge or information sufficient to form a belief as

26  to the truth of paragraph 83 and therefore denies it.

27  ///

28  ///

X:\Clients\1912\0001\LIT\00029715.DOC                    9

1        84.     YellowPages.com states that it provided advertising for Dr. Herman's business,

2   subsequently billed her for it, and has made efforts to collect past due amounts from Dr. Herman, but

3   otherwise denies paragraph 84.

4        85.     YellowPages.com admits that it has made efforts to collect past due amounts from Dr.

5   Herman, but otherwise is without knowledge or information sufficient to form a belief as to the truth

6   of paragraph 85 and therefore denies it.

7        86.     YellowPages.com states that it provided advertising for Dr. Herman's business,

8   subsequently billed her for it, and has made efforts to collect past due amounts from Dr. Herman, but

9   otherwise denies paragraph 86.

10       87.     YellowPages.com is without knowledge or information sufficient to form a belief as

11  to the truth of the first two sentences of paragraph 87 and therefore denies them.  Regarding the third

12  sentence, YellowPages.com states that between December 2008 and January 2009, sales

13  representative Chris Gentry contacted Ms. Gibson, but YellowPages.com otherwise denies the third

14  sentence of paragraph 87.

15       88.     Because the first sentence of paragraph 88 is based on the false premise that

16  YellowPages.com salespeople all utilize the same sales presentation, it is denied.  Otherwise,

17  YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of

18  paragraph 88 and therefore denies it.

19       89.     YellowPages.com is without knowledge or information sufficient to form a belief as

20  to the truth of paragraph 89 and therefore denies it.

21       90.     YellowPages.com is without knowledge or information sufficient to form a belief as

22  to the truth of paragraph 90 and therefore denies it.

23       91.     YellowPages.com is without knowledge or information sufficient to form a belief as

24  to the truth of paragraph 91 and therefore denies it.

25       92.     YellowPages.com is without knowledge or information sufficient to form a belief as

26  to the truth of the first two sentences of paragraph 92 and therefore denies them.  Regarding the third

27  sentence, YellowPages.com admits that Ms. Gibson contracted with YellowPages.com for

28

advertising services. Otherwise, YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the third sentence and therefore denies it.

93.     YellowPages.com admits that Ms. Gibson purchased advertising products from YellowPages.com but denies the allegations in paragraph 93 to the extent inconsistent with the terms of that contract, and denies any remaining allegations in paragraph 93.

94.     YellowPages.com admits that Ms. Gibson purchased advertising products from YellowPages.com, denies the allegations in paragraph 94 to the extent inconsistent with the terms of that contract, and denies any remaining allegations in paragraph 94.

95.     YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 95. YellowPages.com denies the second sentence of paragraph 95.

96.     YellowPages.com admits that Ms. Gibson paid the referenced invoices but otherwise denies paragraph 96.

97.     YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of the first and second sentences of paragraph 97 and therefore denies them. Regarding the third and fourth sentences, YellowPages.com admits that Bruce Steele paid a visit to Ms. Feeley in April 2009, but otherwise denies the allegations in the third and fourth sentences of paragraph 97.

98.     YellowPages.com admits that Mr. Steele discussed the services available from YellowPages.com and further admits that Mr. Steele provided an Ad Tracker report to Ms. Feeley. YellowPages.com states that the report speaks for itself and denies any remaining allegations in paragraph 98 that are inconsistent with that report.

99.     YellowPages.com denies paragraph 99.

100.     YellowPages.com denies paragraph 100.

101.     YellowPages.com admits that Ms. Feeley signed an Internet Advertising Contract on April 30, 2009 and thus agreed to purchase certain services from YellowPages.com, including a limited inventory advertisement on YellowPages.com and a five-page website, totaling $265 per month for twelve months. YellowPages.com otherwise denies paragraph 101.

102.     YellowPages.com denies paragraph 102.

103.   YellowPages.com denies paragraph 103.

104.   YellowPages.com denies paragraph 104.

105.   YellowPages.com admits that it cancelled Ms. Feeley's internet advertising services in July 2009 but otherwise denies paragraph 105.

106.   YellowPages.com denies paragraph 106.

107.   YellowPages.com is without knowledge or information sufficient to form a belief as to the truth of paragraph 107 and therefore denies it.

108.   YellowPages.com admits that Mr. Ingram contacted Mr. Ordway in or about April 2008 regarding services provided by YellowPages.com.  YellowPages.com otherwise denies paragraph 108.

109.   YellowPages.com admits that Mr. Ingram informed Mr. Ordway about some of the services that YellowPages.com provides to advertisers, including the "Pay-Per-Call" program. YellowPages.com otherwise denies paragraph 109.

110.   Regarding the first sentence, YellowPages.com admits that Mr. Ingram informed Mr. Ordway that he would be provided certain reports.  YellowPages.com otherwise denies the first sentence.  Regarding the second sentence, YellowPages.com admits that it provides certain reports to advertisers, states that those reports speak for themselves, and therefore denies the second sentence of paragraph 110 to the extent inconsistent with those reports.

111.   YellowPages.com admits that Mr. Ordway contracted to receive both a print directory advertisement in the Real Yellow Pages and a online advertisement, both of which would be billed on a per-call basis.  YellowPages.com otherwise denies paragraph 111.

112.   YellowPages.com denies paragraph 112.

113.   YellowPages.com admits that Mr. Ordway agreed to purchase both print directory advertising in the Real Yellow Pages and online advertising from YellowPages.com on or about April 22, 2009 but otherwise denies paragraph 113.

114.   YellowPages.com admits that Mr. Ordway agreed to purchase advertising from YellowPages.com on or about April 22, 2009 but otherwise denies paragraph 114.

///

1        115.   YellowPages.com admits that Mr. Ordway agreed to purchase advertising from

2   YellowPages.com on or about April 22, 2009 but otherwise denies paragraph 115.

3        116.   YellowPages.com admits that a copy of the Terms and Conditions were mailed to Mr.

4   Ordway following his agreement to advertise with YellowPages.com, and further states that Mr.

5   Ordway never raised any issue with YellowPages.com about those Terms and Conditions.

6   YellowPages.com otherwise denies paragraph 116.

7        117.   YellowPages.com admits that Mr. Ordway insisted that his advertisements be based

8   upon an advertisement previously used in another publication.  YellowPages.com further states that

9   changes were made to Mr. Ordway's print advertisement before it was published and changes were

10  also made to Mr. Ordway's YellowPages.com advertisement at his request after it was published

11  online.  YellowPages.com otherwise denies paragraph 117.

12       118.   YellowPages.com denies paragraph 118.

13       119.   YellowPages.com admits that Mr. Ordway was provided copies of his print

14  advertisement before it was published in the Real Yellow Pages.  YellowPages.com otherwise denies

15  paragraph 119.

16       120.   YellowPages.com admits that Mr. Ordway requested that certain changes be made to

17  his print advertisement and further states that those changes were implemented prior to publication.

18  YellowPages.com otherwise denies paragraph 120.

19       121.   YellowPages.com states that changes were made to Mr. Ordway's print advertisement

20  prior to publication and changes were also made to Mr. Ordway's YellowPages.com advertisement at

21  his request after it was published online.  YellowPages.com otherwise denies paragraph 121.

22       122.   YellowPages.com is without knowledge or information sufficient to form a belief as

23  to the truth of paragraph 122 and therefore denies it.

24       123.   YellowPages.com is without knowledge or information sufficient to form a belief as

25  to the truth of paragraph 123 and therefore denies it.

26       124.   YellowPages.com denies paragraph 124.

27       125.   YellowPages.com is without knowledge or information sufficient to form a belief as

28  to the truth of paragraph 125 and therefore denies it.

126.   YellowPages.com states that it is inconsistent with its procedures for an employee to "hang up" on a customer, but states that it is otherwise without knowledge or information sufficient to form a belief as to the truth of paragraph 126 and therefore denies it.

127.   YellowPages.com states that customers receive reports, states that those reports speak for themselves, and denies the allegations in paragraph 128 that seek to characterize those reports to the extent those allegations are inconsistent with the reports themselves.  Otherwise, YellowPages.com is without knowledge of information sufficient to form a belief as to the truth of paragraph 127 and therefore denies it.

128.   YellowPages.com states that customers receive reports, states that those reports speak for themselves, and denies the allegations in paragraph 128 that seek to characterize those reports to the extent those allegations are inconsistent with the reports themselves.  Otherwise, YellowPages.com is without knowledge or information sufficient to form a belief as to the state of Mr. Ordway's knowledge and therefore denies all remaining allegations in paragraph 128.

129.   YellowPages.com admits that Mr. Ordway sent an e-mail to Sharon Duffy on June 28, 2009, which stated in part that Mr. Ordway "demand[ed] immediate cancellation of ALL my contracts."  YellowPages.com otherwise denies paragraph 129.

130.   YellowPages.com admits that Mr. Ordway continued to send e-mails to representatives of AT&T Advertising Solutions following his June 28, 2009 e-mail to Ms. Duffy. YellowPages.com further states that those e-mails speak for themselves and therefore denies all allegations in paragraph 130 to the extent they are inconsistent with those e-mails.

131.   YellowPages.com admits that Mr. Ordway sent an e-mail to Ms. Duffy on or about July 15, 2009.  YellowPages.com further states that the e-mail speaks for itself and denies all allegations in paragraph 131 to the extent they are inconsistent with that e-mail.

132.   YellowPages.com denies paragraph 132.

133.   YellowPages.com admits that Plaintiffs purport to represent a putative class, denies that class certification is appropriate, and therefore denies paragraph 133.

134.   YellowPages.com admits that Plaintiffs purport to represent a putative class, denies that class certification is appropriate, and therefore denies paragraph 134.

1    135.    YellowPages.com admits that Plaintiffs purport to represent a putative class, denies

2    that class certification is appropriate, and therefore denies paragraph 135.

3    136.    YellowPages.com denies paragraph 136.

4    137.    YellowPages.com admits that it has information identifying its customers, denies that

5    its customers have been "victimized," and denies all remaining allegations in paragraph 137.

6    138.    YellowPages.com denies that class certification is appropriate in this case and

7    therefore denies paragraph 138.

8    139.    YellowPages.com denies paragraph 139.

9    140.    YellowPages.com denies paragraph 140.

10    141.    YellowPages.com denies paragraph 141.

11    142.    YellowPages.com denies paragraph 142.

12    143.    YellowPages.com denies paragraph 143.

13    144.    YellowPages.com denies paragraph 144.

14    145.    YellowPages.com incorporates by reference all of its previous responses to Plaintiffs'

15    allegations.

16    146.    Paragraph 146 states a legal conclusion to which no response is necessary.

17    YellowPages.com therefore denies paragraph 146.

18    147.    Paragraph 147 states a legal conclusion to which no response is necessary.

19    YellowPages.com therefore denies paragraph 147.

20    148.    YellowPages.com denies paragraph 148.

21    149.    YellowPages.com denies paragraph 149.

22    150.    YellowPages.com denies paragraph 150.

23    151.    YellowPages.com denies paragraph 151.

24    152.    YellowPages.com incorporates by reference all of its previous responses to Plaintiffs'

25    allegations.

26    153.    Paragraph 153 states a legal conclusion to which no response is necessary.

27    YellowPages.com therefore denies paragraph 153.

28    154.    YellowPages.com denies paragraph 154.

1    155.    YellowPages.com denies paragraph 155.

2    156.    YellowPages.com incorporates by reference all of its previous responses to Plaintiffs'

3    allegations.

4    157.    YellowPages.com denies paragraph 157.

5    158.    YellowPages.com denies paragraph 158.

6    159.    YellowPages.com denies paragraph 159.

7    160.    YellowPages.com incorporates by reference all of its previous responses to Plaintiff's

8    allegations.

9    161.    YellowPages.com denies paragraph 161.

10    162.    YellowPages.com denies paragraph 162.

11    163.    YellowPages.com denies paragraph 163.

12    164.    YellowPages.com denies paragraph 164.

13    165.    YellowPages.com denies paragraph 165.

14    166.    YellowPages.com incorporates by reference all of its previous responses to Plaintiffs'

15    allegations.

16    167.    YellowPages.com denies paragraph 167.

17    168.    YellowPages.com denies paragraph 168.

18    YellowPages.com denies all other allegations in the Complaint not expressly admitted above

19    and denies that Plaintiffs are entitled to any of the relief sought in Section VII of the Complaint.

20    ## AFFIRMATIVE DEFENSES

21    ### FIRST AFFIRMATIVE DEFENSE

22    The Complaint fails to state a claim upon which relief can be granted.

23    ### SECOND AFFIRMATIVE DEFENSE

24    This case is not appropriate for class treatment.

25    ### THIRD AFFIRMATIVE DEFENSE

26    Plaintiffs' claims are barred by their own material breach of the contract, as are the claims of

27    any putative class member who has not paid for advertising or who otherwise has breached the terms

28    of the parties' advertising contract.

X:\Clients\1912\0001\LIT\00029715.DOC                16

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the claims of Plaintiffs or members of the putative class are barred by the voluntary payment doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of the claims or damages of Plaintiffs or members of the putative class are barred by the defenses of accord and satisfaction, release, estoppel and/or waiver, including but not limited to the claims of advertisers who previously received adjustments to their bills for advertising services.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of the claims or damages of Plaintiffs or members of the putative class are barred by the express terms of the contracts between Plaintiffs and the putative class members and YellowPages.com, including but not limited to the provisions contained in the Terms and Conditions. Among other things, should it be determined that there is any liability to Plaintiffs or to any putative class member, which YellowPages.com denies, the Terms and Conditions provide that YellowPages.com's liability shall not in any event exceed the amount paid for the advertising.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the claims are barred because Plaintiffs and the putative class members already received all or substantially all of the benefits of the parties' contract.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of the claims are barred by course of dealing, custom, and trade usage.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of the claims of Plaintiffs or members of the putative class are barred by the statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of the claims of Plaintiffs or members of the putative class are barred by the doctrine of laches.

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and some members of the putative class have been filed in violation of the forum selection clause in the particular Terms and Conditions applicable to the parties' contract, which provide that any action brought against YellowPages.com must be brought in a state or federal court located in New York County, New York, and further provide that the advertiser "irrevocably submits to the personal jurisdiction of and irrevocably consent[s] to venue in such courts for purposes of any such action or proceeding."

**TWELFTH AFFIRMATIVE DEFENSE**

Prosecution of this action as a class action violates the individual litigation provision of the Terms and Conditions, which provide that claims relating to YellowPages.com advertising will be "adjudicated on an individual basis, and shall not be consolidated in any proceeding with any other claim or controversy by any other party."

**THIRTEENTH AFFIRMATIVE DEFENSE**

Even assuming any terms of the written contract with Plaintiff or any member of the putative class is void, which YellowPages.com denies, such Plaintiffs or member of the putative class still would be bound by an oral contract for advertising with YellowPages.com.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Even assuming any terms of the written contract with Plaintiffs or any member of the putative class is void, which YellowPages.com denies, no recovery can be had of amounts previously paid under a void contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of the Plaintiffs lack standing to prosecute a claim under California Business and Professions Code §§ 17200, *et seq.*, and §§ 17500, *et seq.*

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of the equitable claims of Plaintiffs or members of the putative class are barred by unclean hands.

///

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs or members of the putative class have failed to mitigate damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims of Plaintiffs or members of the putative class have become moot.

### COUNTERCLAIM

YellowPages.com counterclaims against Plaintiffs and Counter-Defendants (collectively "Plaintiffs") as follows:

1.     Pursuant to Federal Rule of Civil Procedure 13(a), jurisdiction exists for this Court to adjudicate this counterclaim.

### FIRST COUNTERCLAIM

### BREACH OF THE FORUM SELECTION CLAUSE

2.     Plaintiffs have asserted various claims against YellowPages.com that arise under or relate to the advertising contracts entered into between Plaintiffs and YellowPages.com.  Among other things, Plaintiffs have attached a copy of Plaintiff Dr. Amanda Herman's advertising contract as an exhibit to the Complaint.

3.     Plaintiffs' contracts for advertising include Terms and Conditions.  These Terms and Conditions are available to the advertiser prior to agreeing to the advertising contract and are provided to the advertiser in electronic or hard-copy form prior to, contemporaneously with, or immediately following Plaintiffs' agreements to purchase advertising.

4.     Paragraph 18 of the Terms and Conditions provided to Amanda Herman contains a mandatory forum selection clause stating:

> This Agreement shall be governed by and construed and enforced in
> accordance with the laws of the State of New York applicable to contracts
> entered into and performed in New York by residents thereof. *Any action or*
> *proceeding brought by you under or relating to this Agreement shall be*
> *brought in a state or federal court located in the City of New York, State of*
> *New York*, and you hereby irrevocably submit to the personal jurisdiction of

1          and irrevocably consent to venue in such courts for purposes of any such

2          action or proceeding.  Any claim against us arising from this Agreement shall

3          be adjudicated on an individual basis, and shall not be consolidated in any

4          proceeding with any claim or controversy by any other party.

5 *See* Compl., Ex. B.  Plaintiffs purport to represent a class and thus allege that the Terms and

6 Conditions are uniform among the various class members. *See, e.g.,* Compl. ¶¶ 56, 142(a), 161(g).

7       5.       Notwithstanding that they are represented by counsel, referenced the forum selection

8 clause in paragraph 56(i) of the Complaint, and attached the Terms and Conditions as an exhibit to

9 the Complaint, Plaintiffs filed this action the United States District Court for the Southern District of

10 California in violation of the mandatory New York forum selection clause.

11       6.       As a result of Plaintiffs' filing this action in California in violation of the New York

12 forum selection clause, YellowPages.com has suffered damage.  Specifically, and as the direct and

13 proximate result of Plaintiffs' breaches of contract, YellowPages.com has incurred and will incur

14 attorneys' fees and expenses of litigation to enforce the clause and seek a transfer of this action to the

15 contractually-designated forum.  Such fees and expenses properly are recoverable for Plaintiffs'

16 breach of the forum selection clause.

17       7.       Accordingly, YellowPages.com is entitled to specific performance of the forum

18 selection clause, in the form of an order dismissing this action or otherwise transferring this action to

19 the contractually-designated forum.  Additionally, YellowPages.com is entitled to a judgment

20 against Plaintiffs for breach of contract and awarding the attorneys' fees and costs incurred as a result

21 of Plaintiff's breach of contract, in an amount to be proven at trial.

22 **SECOND COUNTERCLAIM**

23 **BREACH OF CONTRACT**

24       8.       The parties' advertising contracts also impose payment obligations on each of the

25 Plaintiffs. *See, e.g.,* Terms and Conditions ¶ 3.  In the event Plaintiffs breach their payment

26 obligations, YellowPages.com is entitled to recover all unpaid amounts, late payment fees, attorneys'

27 fees and expenses, and any other damages resulting from Plaintiffs' failure to comply with their

28 payment obligations.

9.    Plaintiffs Dr. Amanda Herman, Lisa Feeley, and Jeffrey P. Ordway have breached their payment obligations to YellowPages.com.  Plaintiffs' breaches have proximately caused damages to YellowPages.com.

10.    YellowPages.com is entitled to a judgment against Plaintiffs Herman, Feeley, and Ordway for breach of their payment obligations and awarding all damages resulting from these breaches, including attorneys' fees and costs, in an amount to be proven at trial.

**THIRD COUNTERCLAIM**

**UNJUST ENRICHMENT**

11.    Plaintiffs challenge the validity of their written advertising contracts with YellowPages.com, as well as the written advertising contracts between YellowPages.com and the putative class members. *See, e.g.,* Complaint ¶142(a) (identifying as an allegedly common issue "whether there is a valid contract between [YellowPages.com] and the Class Members ...").

12.    To the extent any of the advertising contracts are deemed unenforceable, then YellowPages.com will have provided valuable Internet advertising to the Plaintiffs and would need an equitable remedy to recover the value of those services, as YellowPages.com would no longer have an adequate legal remedy (*i.e.*, a breach of contract claim) to recover the value of those services.

13.    It would be against equity and good conscience for Plaintiffs (and the putative class members) to be unjustly enriched by receiving the benefit of the advertising provided by YellowPages.com while at the same time disavowing their payment obligations for that advertising. Indeed, for certain advertisers, the benefits from the advertising will exceed their payment obligations to YellowPages.com under the written advertising contracts.

14.    Plaintiffs (and the putative class members) knew about the advertising and knowingly accepted the benefits of the advertising.

15.    YellowPages.com expected to be compensated for the advertising services it provided to Plaintiffs (and the putative class members), and YellowPages.com should be compensated for providing advertising services to Plaintiffs (and the putative class members).

///

X:\Clients\1912\0001\LIT\00029715.DOC

21

16.     Plaintiffs and, assuming a class is certified, the class members should be required to provide restitution to YellowPages.com or otherwise to disgorge to YellowPages.com an amount representing their specific unjust enrichment at YellowPages.com's expense, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counter-Claimant YellowPages.com, LLC respectfully requests that this Court rule or otherwise enter a judgment:

1.     Denying class certification in this case;

2.     Dismissing the Complaint with prejudice;

3.     Awarding Plaintiffs nothing on their claims;

4.     Requiring Plaintiffs to pay the costs of this action and, to the extent authorized by law, reimburse YellowPages.com for its attorneys' fees and expenses of litigation;

5.     Dismissing this action as having been filed in violation of the forum selection clause or transferring this action to the contractually-designated forum;

6.     Awarding YellowPages.com compensatory damages on its Counterclaims for Breach of the Forum Selection Clause and Breach of Contract against Plaintiffs, as well as attorneys' fees and expenses of litigation;

7.     Alternatively, to the extent any written advertising contracts are deemed unenforceable, awarding YellowPages.com restitution under its Counterclaim for Unjust Enrichment against Plaintiffs; and

///
///
///
///
///
///
///
///

1         8.    Granting such other and further relief as this Court deems just and proper.

2    Dated:    April 14, 2010               **SANDLER, LASRY, LAUBE, BYER
3                                                    & VALDEZ LLP**

4

5                                          By:       /s/ Richard M. Valdez
                                               James G. Sandler
6                                                   Richard M. Valdez
                                             Attorneys for Defendant and Counter-
7                                                   Claimant
                                             YELLOWPAGE.COM, LLC

8                                                 James F. Bogan, III (pro hac vice
                                           application to be filed)
9                                                 C. Allen Garrett, Jr. (pro hac vice
                                           application to be filed)
10                                                KILPATRICK STOCKTON LLP
                                           Suite 2800, 1100 Peachtree Street
11                                                Atlanta, GA 30309-4528
                                           Telephone:  (404) 815-6467
12                                                Facsimile:  (404) 541-3133

13                                                Attorneys for Defendant and Counter-
14                                                Claimant YELLOWPAGES.COM, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28