ROBBINS GELLER RUDMAN
   & DOWD LLP
FRANK J. JANECEK, JR. (156306)
CHRISTOPHER COLLINS (189093)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
frankj@rgrdlaw.com
chrisc@rgrdlaw.com

COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

LYNCH LAW FIRM, P.C.
PAUL I. PERKINS
45 Eisenhower Drive, Suite 300
Paramus, NJ  07652
Telephone:  800/656-9529
888/271-9726 (fax)

ZIMMERMAN REED, P.L.L.P.
J. GORDON RUDD, JR.
DAVID M. CIALKOWSKI
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HERMAN d/b/a CREATING WELLNESS CHIROPRACTIC CENTER, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>YELLOWPAGES.COM, LLC,<br><br>  Defendants. | Lead Case No. 3:10-cv-00195-JAH-AJB<br><br>(Consolidated with Case No. 3:10-cv-00798-JAH –AJB)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF CO-INTERIM CLASS COUNSEL AND LIAISON COUNSEL<br><br>DATE: August 30, 2010<br>TIME: 2:30 p.m.<br>CTRM: 11<br>JUDGE: Honorable John A. Houston |

526818_3

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rule of Civil Procedure 23 and this Court's inherent authority, Plaintiffs Amanda Herman d/b/a Creating Wellness Chiropractic Center, Cynthia Gibson d/b/a Telephone Jacks, Lisa Feeley d/b/a All Bay Locksmith, Jeffrey P. Ordway d/b/a Earthwerks Unlimited and Prime Equity Holdings, Inc., ("Plaintiffs") individually and on behalf of themselves and all others similarly situated, respectfully move this Court for an order appointing the Lynch Law Firm, P.C. and Cohn Lifland Pearlman Herrmann & Knopf LLP as co-interim class counsel ("Proposed Interim Class Counsel") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as liaison counsel in the above-captioned consolidated action.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  Such an ordering of class counsel is to be encouraged.  *See* Manual for Complex Litigation §10.22 (4th ed. 2004) ("Manual").  To efficiently coordinate the administration of this action prior to a determination on class certification, Proposed Interim Class Counsel respectfully request appointment as interim class counsel.

Proposed Interim Class Counsel will fairly and adequately represent the class.  Proposed Interim Class Counsel are highly experienced in representing plaintiffs in class actions.  Proposed Interim Class Counsel have spent significant time and resources developing claims and investigating this action.  Proposed Interim Class Counsel has the willingness and expertise to finance large-scale litigation.  These respected firms will direct this litigation and coordinate the prosecution of the case to avoid duplication of efforts and conserve judicial resources.

## II. ARGUMENT

### A. Legal Standard

Rule 23(g) governs the appointment of class counsel, and provides that "'the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Carlin v. Dairy Am., Inc.*, No. 1:09cv0430 AWI DLB, 2009 U.S. Dist. LEXIS 50493, at *6 (E.D. Cal. May 29, 2009) (quoting Fed. R. Civ. P. 23(g)(3)).  Federal Rule of Civil Procedure 23(g)(2) provides that "[w]hen one applicant seeks appointment as class counsel, the

1   court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)."

2   "When appointing interim class counsel, a court must find that the applicant is adequate under Rule

3   23(g)[4] and [1A].  Rule 23(g)[4], in turn, requires that '[a]n attorney appointed to serve as class

4   counsel must fairly and adequately represent the interests of the class.'" *Nutz for Candy v. Ganz,*

5   *Inc.*, No. C 08-2873 JSW, 2008 U.S. Dist. LEXIS 79340, at *3 (N.D. Cal. Sept. 19, 2008) (citations

6   omitted).

7   While neither Rule 23(g) nor the Advisory Committee Notes explicitly states the standards to

8   be applied in choosing interim class counsel, courts have held that the same factors that apply in

9   choosing class counsel at the time of class certification apply in choosing interim class counsel. *See*

10  *Four in One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 U.S. Dist. LEXIS 28657, at

11  *8 (E.D. Cal. Mar. 19, 2009). ("'Although neither the federal rules nor the advisory committee notes

12  expressly so state, it appears to be generally accepted that the considerations set out in [Fed. R. Civ.

13  P. 23(g)(1)(A) and (4)], which governs appointment of class counsel once a class is certified, apply

14  equally to the designation of class counsel before certification.'") (citations omitted).

15  Rule 23(g)(4), in turn, requires that "[c]lass counsel must fairly and adequately represent the

16  interests of the class."  Fed. R. Civ. P. 23(g)(4).  The Federal Rules enumerate the following factors

17  that inform the designation of interim class counsel: "(i) the work counsel has done in identifying or

18  investigating potential claims in the action; (ii) counsel's experience in handling class actions, other

19  complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the

20  applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R.

21  Civ. P. 23(g)(1)(A). Under these criteria, Proposed Interim Class Counsel are qualified to represent

22  the interest of the class.

23  Appointment of interim class counsel "is necessary to protect the interests of class members"

24  (*White v. TransUnion, LLC*, 239 F.R.D. 681 (C.D. Cal. 2006) (citing Manual, §21.11)), because it

25  clarifies "responsibility for 'protecting the interests of the class during precertification activities,

26  such as making and responding to motions, conducting any necessary discovery, moving for class

27  certification, and negotiating settlement.'" *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240

28  F.R.D. 56, 57 (E.D.N.Y. 2006) (quoting Manual, §21.11).

1   Additionally, the most common means for selecting class counsel is the "private ordering"
2   approach, where involved counsel jointly come to a consensus and submit to the Court their
3   recommendation for approval. *See* Manual for Complex Litigation (Fourth) §21.272 (2010); *Four in*
4   *One Co.*, 2009 U.S. Dist. LEXIS 28657, at *9. Efforts of plaintiffs' counsel to coordinate between
5   themselves should be encouraged. Manual, §10.22.

### B. Proposed Interim Class Counsel Are Adequate Under Rule 23(g)

7   Proposed Interim Class Counsel have spent months investigating this matter. They have:
8   interviewed numerous potential class members and witnesses; retained and consulted with an expert
9   to provide guidance in formulating the complaint in *Herman v. Yellowpages.com, LLC*, No. 3:10-cv-
10  00195-JAH-AJB (S.D. Cal., filed January 26, 2010) ("*Herman*"); filed and are prosecuting a suit in
11  the United States District Court for the District of New Jersey on behalf of a class of New Jersey
12  consumers against Yellowpages.com, LLC asserting claims under the New Jersey Consumer Fraud
13  Act based upon substantially the same factual allegations here; and have conducted – and are
14  continuing to conduct – significant discovery in the New Jersey action. In that regard, they have
15  served and been served with requests to produce documents and interrogatories, have received
16  responses to both and have received and are reviewing more than 75,000 pages of documents.
17  Thus, Proposed Interim Class Counsel already are deeply involved in pursuing the underlying facts
18  in this matter.

19  Proposed Interim Class Counsel have significant experience in complex litigation, including
20  class litigation. Cohn Lifland Pearlman Herrmann & Knopf LLP has significant experience in class
21  action and other complex commercial litigation. It has served as lead, co-lead, and liaison counsel in
22  numerous class actions in the state and federal system. Copies of the resumes of Proposed Interim
23  Class Counsel are submitted as Exhibits "A" and "B" filed concurrently herewith. *See* Declaration
24  of Peter S. Pearlman In Support of Plaintiffs' Joint Motion for Appointment of Co-Interim Class
25  Counsel and Liaison Counsel ("Pearlman Declaration").

26  Further, all plaintiffs' class counsel are in agreement under the "private ordering" approach
27  and request this Court appoint Proposed Interim Class Counsel and liaison counsel. All plaintiffs'
28  counsel are experienced class action and complex commercial litigators who agree to work on this

1  matter under the oversight of Proposed Interim Class Counsel to bring this matter to a successful
2  conclusion.  With the assistance of those counsel, Proposed Interim Class Counsel will have access
3  to an extraordinary pool of skilled attorneys armed, among other things, with significant expertise in
4  the law of the State of California upon which this case will be litigated.  Proposed liaison counsel
5  Robbins Geller has decades of experience successfully litigating class actions across the country and
6  in the State of California, and its knowledge of the law of that state will be invaluable to the effective
7  prosecution of this action. *See* Pearlman Declaration, Exhibit C.

**III.    CONCLUSION**

For all the foregoing reasons, the Plaintiffs respectfully request that this Court enter an order that appoints the Lynch Law Firm P.C. and Cohn Lifland Pearlman Herrmann & Knopf LLP as Co-Interim Class Counsel and Robbins Geller as liaison counsel.

DATED:  July 20, 2010           Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
FRANK J. JANECEK, JR.
CHRISTOPHER COLLINS


              s/ CHRISTOPHER COLLINS
              CHRISTOPHER COLLINS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

526818_3

- 4 -                                    (Consolidated with Case No.
                                          3:10-cv-00798-JAH –AJB)

| | |
|---|---|
| 1 | |
| 2 | LYNCH LAW FIRM, P.C.<br>PAUL I. PERKINS<br>45 Eisenhower Drive, Suite 300 |
| 3 | Paramus, NJ  07652<br>Telephone:  800/656-9529 |
| 4 | 888/271-9726 (fax) |
| 5 | ZIMMERMAN REED, P.L.L.P.<br>J. GORDON RUDD, JR. |
| 6 | DAVID M. CIALKOWSKI<br>651 Nicollet Mall, Suite 501 |
| 7 | Minneapolis, MN  55402<br>Telephone:  612/341-0400 |
| 8 | 612/341-0844 (fax) |
| 9 | Attorneys for Plaintiffs Amanda Herman, et al. |
| 10 | MILBERG LLP<br>JEFF S. WESTERMAN |
| 11 | SABRINA S. KIM<br>300 South Grand Avenue, Suite 3900 |
| 12 | Los Angeles, CA  90071<br>Telephone:  213/617-1200 |
| 13 | 213/617-1975 (fax) |
| 14 | MILBERG LLP<br>PETER SAFIRSTEIN |
| 15 | ANDREI RADO<br>One Pennsylvania Plaza |
| 16 | New York, NY  10119<br>Telephone:  212/594-5300 |
| 17 | 212/868-1229 (fax) |
| 18 | Attorneys for Plaintiff<br>Prime Equity Holdings, Inc. |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

526818_3

- 5 -              (Consolidated with Case No. 3:10-cv-00798-JAH –AJB)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 20, 2010.

   s/ CHRISTOPHER COLLINS
CHRISTOPHER COLLINS

ROBBINS GELLER RUDMAN
   &amp; DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:chrisc@rgrdlaw.com

526818_3

(Consolidated with Case No.
3:10-cv-00798-JAH –AJB)

# Mailing Information for a Case 3:10-cv-00195-JAH -AJB

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James F. Bogan , III**
  jbogan@kilpatrickstockton.com

- **Christopher Collins**
  Chrisc@rgrdlaw.com,dianah@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **C. Allen Garrett**
  agarrett@kilpatrickstockton.com

- **Frank J Janecek , JR**
  frankj@rgrdlaw.com,kathryns@rgrdlaw.com,e_file_sd@rgrdlaw.com,JWolsborn@rgrdlaw.com

- **Sabrina S. Kim**
  skim@milberg.com,mbowman@milberg.com,cchaffins@milberg.com

- **Peter S. Pearlman**
  PSP@njlawfirm.com

- **Paul Ivan Perkins**
  pperkins@lynchlawyers.com

- **Richard Max Valdez**
  rvaldez@sllbv.com,vmejias@sllbv.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`