**MILBERG LLP**
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
ANDREW J. SOKOLOWSKI (SBN 226685)
asokolowski@milberg.com
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

**MILBERG LLP**
PETER SAFIRSTEIN
psafirstein@milberg.com
ANDREI RADO
arado@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Counsel for Plaintiff Prime Equity Holdings, Inc.*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO

| | |
|---|---|
| AMANDA HERMAN d/b/a CREATING WELLNESS CHIROPRACTIC CENTER, CYNTHIA GIBSON d/b/a TELEPHONE JACKS, LISA FEELEY d/b/a ALL BAY LOCKSMITH and JEFFREY P. ORDWAY d/b/a EARTHWERKS UNLIMITED, individually and on behalf of all others similarly situated, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> YELLOWPAGES.COM, LLC, <br><br> Defendant/Counter-Claimant. | ) Consolidated Case No. 10-CV-0195-<br>) JAH(AJB)<br>) [This filing relates to Case No. 10-CV-<br>) 0798-JAH-(AJB)]<br>) **CLASS ACTION**<br>)<br>) PLAINTIFF PRIME EQUITY<br>) HOLDINGS, INC.'S OPPOSITION TO<br>) DEFENDANT YELLOWPAGES.COM,<br>) LLC'S MOTION TO DISMISS OR<br>) TRANSFER<br>)<br>) DATE:          August 30, 2010<br>) TIME:          2:30 p.m.<br>) CTRM.:        11<br>) JUDGE:        Hon. John A. Houston<br>)<br>) Complaint filed: January 26, 2010 |

**[Caption Continued on the Following Page]**

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | Consolidated Case No. 10-CV-0195-JAH(AJB) |
|---|---|

DOCS\526427v2

1

2  PRIME EQUITY HOLDINGS, INC.,           )  Case No.  10-cv-0798-JAH (AJB)
   individually and on behalf of all others similarly  )
   situated,                               )
3                                          )
                        Plaintiff,         )
4                                          )
           v.                              )
5                                          )
   YELLOWPAGES.COM, LLC and AT&T INC.,     )
6                                          )  Complaint filed: April 15, 2010
                        Defendants.        )
7                                          )
                                           )
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF | | Consolidated Case No. 10-CV-0195-JAH(AJB) |
|---|---|---|
| YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | | |
| DOCS\526427v2 | | |

## <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.   UNREASONABLE FORUM SELECTION CLAUSES CANNOT BE
      ENFORCED ..........................................................................................................6

IV.   THE FORUM SELECTION CLAUSE CANNOT BE ENFORCED AS IT IS
      THE PRODUCT OF FRAUD AND OVERREACHING ......................................6

V.   YP.COM'S FORUM SELECTION/CHOICE OF LAW CLAUSE VIOLATES
     CALIFORNIA PUBLIC POLICY ......................................................................10

    A.   YP.Com's Forum Selection Clause Violates California Public Policy
          Because New York Has No Logical Relation to the Parties Or the Dispute .........10

    B.   YP.com's Accompanying Choice of Law Clause Also Violates California
          Public Policy ...............................................................................................11

        1.   YP.Com's Choice of Law Provision Is Unenforceable Because
               New York Has No Relationship to the Parties or the Transactions
               at Issue ...............................................................................................12

        2.   Applying New York Law Would Violate California's Fundamental
               Public Policy of Regulating Deceptive Business Conduct Within
               Its Borders ..........................................................................................12

VI.   DEFENDANT HAS NOT MET THE BURDEN NECESSARY FOR A
      TRANSFER UNDER THE FIRST TO FILE RULE OR 28 U.S.C. § 1404(a).................15

CONCLUSION................................................................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009) ...................................................................17

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ....................................................................................15

*Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*,
    75 F.3d 1401 (9th Cir. 1996) .....................................................................................7

*Angeles v. Norwegian Cruise Lines, Inc.*,
    No. 01 CV 9441(RCC), 2002 U.S. Dist. LEXIS 16134 (S.D.N.Y. Aug. 29, 2002)..............7, 8

*Barapind v. Reno*,
    72 F. Supp. 2d 1132 (E.D. Cal. 1999).......................................................................15

*Bassidji v. Goe*,
    413 F.3d 928 (9th Cir. 2004) ....................................................................................11

*Bhari Info. Tech. Sys., Ltd. v. Allied Boston Bank Inc.*,
    No. C 05-01223 SI, 2005 WL 3481473 (N.D. Cal. Dec. 20, 2005) ........................7

*Brackett v. Hilton Hotels Corp.*,
    619 F. Supp. 2d 810 (N.D. Cal. 2008) ....................................................................17

*Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972).........................................6, 10

*Carnival Cruise Lines, Inc. v. Shute*,
    499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)....................................6, 7

*Cedars-Sinai Med. Ctr. v. Shalala*,
    125 F.3d 765 (9th Cir. 1997) ...................................................................................15

*Chateau Des Charmes Wines Ltd. v. Sabate USA Inc.*,
    328 F.3d 528 (9th Cir. 2003) .....................................................................................8

*Church of Scientology v. U.S., Dep't of the Army*,
    611 F.2d 738 (9th Cir. 1979) ...................................................................................15

*Cochran v. NYP Holdings, Inc.*,
    58 F. Supp. 2d. 1113 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (2000).....................17

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - ii - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

*Commodity Futures Trading Comm'n v. Savage*,
    611 F.2d 270 (9th Cir. 1979) ...................................................................17

*Craigslist, Inc. v. Naturemarket, Inc.*,
    694 F. Supp. 2d 1039 (N.D. Cal. 2010) .....................................................9

*Daimler-Chrysler Corp. v. Gen. Motors Corp.*,
    133 F. Supp. 2d 1041 (N.D. Ohio)............................................................16

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ...................................................................17

*Doe 1 v. AOL, LLC*,
    552 F.3d 1077 (9th Cir. 2009) .................................................................10

*Douglas v. U.S. Dist. Court*,
    495 F.3d 1062 (9th Cir. 2007) .................................................................11

*E & J Gallo Winery v. F & P S.p.A*,
    899 F. Supp. 465 (E.D. Cal. 1994)...........................................................17

*Epps v. 1.I.L, Inc.*,
    No. 07-02314, 2007 WL 4463588 (E.D. Pa. Dec. 19, 2007)....................7

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness*,
    179 F.R.D. 264 (C.D. Cal. 1998) .......................................................15, 16

*Hoffman v. Citibank, N.A.*,
    546 F.3d 1078 (9th Cir. 2008) .................................................................12

*Hua v. MEMC Elec. Materials, Inc.*,
    No. C 09-555 JF (RS), 2009 WL 1363545 (N.D. Cal. May 14, 2009)......8

*Kimberly-Clark Corp. v. McNeil-PPC, Inc.*,
    260 F. Supp. 2d 738 (E.D. Wis. 2003)......................................................16

*Lavoie v. Suncruz Casino Cruises, LLC*,
    No. 4:08-cv-2183-RBH, 2009 U.S. Dist. LEXIS 12916 (D.S.C. Feb. 19, 2009) .....................7

*Lowden v. T-Mobile USA Inc.*,
    No. 09-35201, 2010 WL 1841891 (9th Cir. May 10, 2010)......................9

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir 2004) ...................................................................6

*O'Brien v. Okemo Mountain*,
    17 F. Supp. 2d 98 (D. Conn. 1998)............................................................7

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - iii - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ...................................................................15

*Sarmiento v. BMG Entm't*,
    326 F. Supp. 2d 1108 (C.D. Cal. 2003) .................................................7

*Scherk v. Alberto-Culver Co.*,
    417 U.S. 506, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974) ........................6

*Sec. Investor Prot. Corp. v. Vigman*,
    764 F.2d 1309 (9th Cir. 1985) ..............................................................17

*Shroyer v. New Cingular Wireless Servs.*,
    498 F.3d 976 (9th Cir. 2007) ..................................................................7

*Stern v. Advanta Bank Corp.*,
    No. C 09-3276 PVT, 2010 WL 1028375 (N.D. Cal. Mar. 18, 2010) .......9

*Ward v. Follett Corp.*,
    158 F.R.D. 645 (N.D. Cal. 1994) ..........................................................16

**STATE CASES**

*Am. Online, Inc. v. Super. Ct.*,
    90 Cal. App. 4th 1 (2001) .....................................................................10

*Bernhard v. Harrah's Club*,
    16 Cal. 3d 313 (1976) ...........................................................................13

*Clothesrigger v. GTE Corp., Inc.*,
    191 Cal. App. 3d 605 (1987) .................................................................14

*Diamond Multimedia Sys., Inc. v. Super. Ct.*,
    19 Cal. 4th 1036 (1999) ..................................................................13, 14

*Frontier Oil Corp. v. RLI Ins. Co.*,
    153 Cal. App. 4th 1436 (2007) .............................................................13

*Goshen v. Mut. Life Ins. Co.*,
    98 N.Y.2d 314 (N.Y. Ct. App. 2002) .....................................................14

*Hall v. Super. Ct.*,
    150 Cal. App. 3d 411 (1983) .................................................................11

*J.P. Morgan & Co., Inc. v. Super. Ct.*,
    113 Cal. App. 4th 195 (2003) ...............................................................14

*Kearney v. Salomon Smith Barney, Inc.*,
    39 Cal. 4th 95 (2006) ............................................................................13

*Molnar v. 1-800-Flowers.com, Inc.*,
   No. CV 08-0542 CAS (JCx), 2008 WL 4772125 (C.D. Cal. Sept. 29, 2008) .......................... 9

*Mountz v. Global Visions Prods.*,
   770 N.Y.S.2d 603 (N.Y. Sup. Ct. 2003) ............................................................... 14

*Nedlloyd Lines B.V. v. Super. Ct.*,
   3 Cal. 4th 459 (1992) ........................................................................................ 12

*Norwest Mortg., Inc. v. Super. Court*,
   72 Cal. App. 4th 214 (1999) .............................................................................. 14

*Rowsby v. Gulf Stream Coach, Inc.*,
   No. SA CV 08-1213 DOC (FFMx), 2009 WL 1154130 (C.D. Cal. Feb. 9, 2009) ................... 9

*Testa v. Becker*,
   No. CV 10-638 GHK (FMOx), 2010 WL 1644883 (C.D. Cal. Apr. 22, 2010) ...................... 10

*Wershba v. Apple Computer, Inc.*,
   91 Cal. App. 4th 224 (2001) ........................................................................ 13, 14

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................................................ 2, 15, 17

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................................ 1, 3

Cal. Bus. & Prof. Code § 17500 *et seq.* .................................................................... 2

New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1 ............................................... 2, 5, 15

## I.       INTRODUCTION

Defendant Yellowpages.com, LLC ("YP.com") wants to move this lawsuit to the Southern District of New York, a forum with absolutely no connection to the parties or the events giving rise to this lawsuit.  YP.com is incorporated in Delaware and operates from its headquarters in Glendale, California.  It has no identifiable connection to New York.  Similarly, none of the Plaintiffs in these consolidated cases resides in New York.

To achieve its goal, YP.com relies on a New York forum selection/choice of law clause it surreptitiously inserted into its form service contracts for its YP Clicks! program.  YP.com did not, however, make Plaintiff or other YP Clicks! customers aware of this clause when they agreed to use the service, nor did it provide them with a copy of the YP Clicks! "Terms and Conditions" containing the clause.  Rather, YP.com took active steps to conceal the existence of the clause from its YP Clicks! customers.  As result, Plaintiff and other YP Clicks! users were entirely unaware that the clause existed, and that YP.com apparently wished that all disputes related to service be resolved in New York, under New York substantive law.  In short, the clause is the product of YP.com's fraud and overreaching, and cannot be enforced as a matter of law.

YP.com's forum selection/choice of law clause also cannot be enforced because doing so would deprive Plaintiff, and most class members, of their day in court.  This is a nationwide class action brought under California law – including California's Unfair Competition Law ("UCL"). *See* Cal. Bus. & Prof. Code § 17200, *et seq.*  California allows plaintiffs to certify nationwide UCL class actions where the offending conduct occurs or emanates from California.  That is clearly the case here, given that YP.com is headquartered in Glendale, California.  In contrast, courts interpreting New York's similar consumer protection law, General Business Laws § 349, have limited its application to transactions occurring in New York State.  Thus, by secretly inserting the New York choice of law provision into its contracts, YP.com is trying to deprive a large portion of the class members of any legal remedy under consumer protection law.

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER DOCS\526427v2 | - 1 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |

1   Similarly, the forum selection/choice of law clause violates California's strong public

2   policy interest in preserving a business climate free of fraud and deceit through regulating

3   business conduct that occurs within its borders.  In addition, California requires that the selected

4   forum have some relation to the parties or the lawsuit, which is not the case here. [1]

5   As an alternative to the forum selection clause, YP.com contends that transfer is

6   appropriate under the first-to-file rule and 28 U.S.C. § 1404(a).  However, the first-to-file

7   doctrine does not support removal of this action to the District of New Jersey because, among

8   other things, the parties and claims in *Herman* and *Prime Equity* are not "substantially similar to"

9   those in *Kowalski v. Yellowpages.com, LLC*, No. 09-2382 (PGS), filed May 18, 2009 - (ES)

10  (D.N.J., removed May 18, 2009).  *Kowalski*, originally was filed in the Superior Court of New

11  Jersey, is brought under the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et. seq.*

12  ("NJCFA"), on behalf of a class of persons and entities in the State of New Jersey only.  On the

13  other hand, *Prime Equity* and *Herman* are nationwide class actions under California's UCL and

14  False Advertising Law ("FAL").  *See* Cal. Bus. & Prof. Code § 17500 *et seq.*  These cases are

15  best adjudicated in California because (a) YP.com's headquarters and principal place of business

16  are located here, (b) much of the wrongful conduct complained of in this action occurred in or

17  emanated from California, and (c) *Herman* plaintiffs Cynthia Gibson and Lisa Feeley reside in

18  California.  The first-to-file rule is not applicable, and YP.com cannot meet the heavy burden

19  necessary to transfer this action under § 1404(a).

20  For these reasons, Defendant YP.com's Motion should be denied in its entirety.

21  **II.   STATEMENT OF FACTS**

22  This is a nationwide class action brought by Plaintiff against AT&T Inc. ("AT&T") and

23  its wholly-owned subsidiary, YP.com (jointly, "Defendants").  Cpl. ¶ 1.[2]  Plaintiff asserts causes

---

[1]  YP.com previously filed substantially the same application in *Herman v. Yellowpages.com*, Case No. 10CV0195 JAH (AJB) ("*Herman*"), which also is pending in this District and has been consolidated with this action ("*Prime Equity*").  To the extent the Court permits YP.com to incorporate its motion papers in *Herman*, Plaintiff similarly incorporates the opposition papers filed by the plaintiffs in *Herman*.

[2]  "Cpl." refers to the "Class Action Complaint for: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3)Violation of California Business and

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 2 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
|---|---|---|

DOCS\526427v2

of action against Defendants under California statutory and common law for unfair business practices, false advertising and breach of contract.  Cpl. ¶¶ 35-58.  The class is comprised of "[a]ll persons in the United States who purchased the YP Clicks! program service from January 26, 2006 through the final disposition of this and any and all related actions."  Cpl. ¶ 26.

Plaintiff asserts that Defendants misrepresented (and continue to misrepresent) the features and benefits of their YP Clicks! advertising service to small businesses, knowing that they are unable to perform those services and provide the promised benefits.   Cpl. ¶2.  Defendants require their salespeople to adhere to a uniform sales script when soliciting business.  Cpl. ¶ 18.  Whether contact was made in person or over the telephone, Defendants' salespeople are required, as a condition of their employment, to represent to potential customers that YP Clicks! will result in an increase of "locally targeted, qualified traffic" to the customer's website and that YP Clicks! will put businesses in a "dominant position" in results on its "extended distribution partner" search engines.  Cpl. ¶ 18.  Defendants further represent that YP Clicks! customers will receive a guaranteed number of total clicks by the contract end-date and targeted key phrases for the customer's title and description text to match website content in order to maximize the likelihood that customer websites would display at the top of the results page when certain terms were input into a search engine.  Cpl. ¶ 7.  Defendants market YP Clicks! to businesses by representing that YP Clicks! can, and will, target local consumers who were actively searching for products offered by those businesses.  Cpl. ¶ 6.  Defendants also claimed they entered into partnerships with major search engines such as Google and that by enrolling in YP Clicks!, ads will be displayed on those search engines when targeted search terms relating to the business are entered.  Cpl. ¶ 6.  In short, Defendants claim that YP Clicks! provides a one-stop solution for businesses wishing to advertise on the internet.  Defendants' former employees corroborate and confirm these factual allegations.  Cpl. ¶¶ 22-25.

---

Professions Code § 17500 *et seq.*; and (4) Violation of California Business and Professions Code § 17200 *et seq.*" (filed April 15, 2010, Doc. No. 1).

1    Defendants do not provide the services promised in the YP Clicks! contracts.  In addition,

2   Defendants' representations about the YP Clicks! service are materially false and misleading.

3   Defendants are fully aware that they cannot deliver the services promised to, and expected by,

4   the customers.  Cpl. ¶ 8. Instead of purchasing targeted keywords to drive traffic to customers'

5   websites, Defendants purchase only generic terms and charge a premium price for them.  Cpl.

6   ¶ 8.   Further, because the keywords are generic, and not targeted, customers receive a high

7   number of artificial, useless clicks that Defendants count towards the guaranteed number of

8   clicks purchased by customers.  Cpl. ¶ 8.  Additionally, in some instances, Defendants' own

9   employees or agents have clicked on the links, further artificially inflating the number of clicks.

10  Cpl. ¶ 8.   When even those measures fail to generate the guaranteed number of clicks,

11  Defendants offer to extend the customer's ad campaign beyond the original term and until the

12  guaranteed number of clicks is reached, but they still bill the customer the same monthly fee they

13  imposed during the initial term – when the clicks were not realized.  Cpl. ¶ 8.

14       The circumstances surrounding Plaintiff's purchase of YP Clicks! demonstrate

15  Defendants' failure to provide it with notice of, and obtain its agreement to, the forum selection

16  clause.  Plaintiff's co-owners, Dean Tucker and Shanna Wroten-Tucker, met with a YP.com

17  salesperson.  (*See* Affidavit of Dean Tucker ("Tucker Aff."), ¶ 2; Affidavit of Shanna Wroten-

18  Tucker ("Wroten Aff."), ¶ 2.  Based on the representations made during their meeting, Plaintiff

19  decided to purchase the YP Clicks! program for 12 months, with 1,080 guaranteed clicks

20  (approximate 90 per month), at a rate of $381 per month – or $4,572 for the year.  Cpl. ¶ 12.

21       The YP.com salesperson printed out a completed, one-page "Application for Internet

22  Yellow Pages Advertising" (the "Application"), reflected in the ***first page*** of Exhibit 1 to the

23  Declaration of Barry Adams ("Adams Decl."), submitted with YP.com's moving papers.  *See*

24  Tucker Aff., ¶ 3; Wroten Aff. ¶ 3.  The Application Mr. Tucker signed did not include, or even

25  reference, the "Terms and Conditions for Internet Advertising" ("Terms and Conditions")

26  reflected in pages 3-5 of Exhibit 1 to the Adams Declaration, nor did the YP.com salesperson

27  explain that Plaintiff would be bound by additional Terms and Conditions, including a forum

28

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 4 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |

DOCS\526427v2

selection/choice of law clause if Mr. Tucker signed the Application.  Tucker Aff., ¶¶ 4-6; Wroten Aff., ¶¶ 4-5.  The YP.com salesperson did not provide Mr. Tucker with a copy of the Terms and Conditions.  Tucker Aff., ¶ 5; Wroten Aff., ¶ 5.  Therefore, Plaintiff neither had notice of, nor agreed to be  bound by, the Terms and Conditions at issue – including the forum selection/choice of law clause.

After three months of YP Clicks! service, Plaintiff realized that it received significantly less than the promised 90 clicks per month, and contacted Defendants.  Cpl. ¶ 12.  Defendants stated that if the guaranteed number of clicks was not reached by the contract's expiration date, they would extend the contract term.  However, Plaintiff would need to continue paying its monthly fee during the contract term while the clicks were not being realized.  Cpl. ¶ 12.

California is the logical forum for these nationwide class actions.  YP.com's headquarters and principal place of business are located in California, and the circumstances giving rise to Plaintiff's claims, including YP.com's corporate policies regarding sales, marketing, and implementation of the YP Clicks! program occurred in California.  Cpl. ¶ 51.  Accordingly, YP.com's conduct is subject to, and this action has been filed under, California law.  While *Kowalski* was filed first, it is not inclusive of these California actions.  Unlike these consolidated cases, *Kowalski* is limited to a class of New Jersey residents, alleging claims under the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et seq.*  *See* Declaration of Andrew J. Sokolowski ("Sokolowski Decl."), Ex. A.  As explained below, California's UCL provides relief for affected residents ***and*** non-residents when the offending conduct occurs in or emanates from the state.  As such, these cases, and the California forum, afford the best opportunity for complete relief.

*Prime Equity*'s inclusion of AT&T, YP.com's parent company, as a defendant further reinforces that California is the proper forum.  Plaintiff in *Kowalski* originally named AT&T as a defendant.  *See* Sokolowski Decl., Ex. B.  AT&T took the position that it could not be sued in New Jersey because personal jurisdiction was lacking.  As set forth in Plaintiff's concurrently-filed Opposition to AT&T Inc.'s Motion to Dismiss, California is a proper forum given AT&T's

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 5 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

continuous and systematic presence within the state.  Thus, these California actions cannot be transferred to that district.  Further, having previously taken the position that it could not be sued in the District of New Jersey because of the absence of personal jurisdiction, AT&T Inc. cannot allowed to change and now argue that New Jersey is a proper forum for litigation.  The two putative nationwide class actions belong in California, where YP.com is located, and should not be transferred to a district where one of the defendants has already argued that it would not be subject to the court's jurisdiction.

## III.   UNREASONABLE FORUM SELECTION CLAUSES CANNOT BE ENFORCED

The parties agree that there are three reasons that would make enforcement of a forum selection clause unreasonable and, therefore, unenforceable: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir 2004) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15, 18, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972)).

## IV.   THE FORUM SELECTION CLAUSE CANNOT BE ENFORCED AS IT IS THE PRODUCT OF FRAUD AND OVERREACHING

An essential element for enforcing a forum selection clause is the requirement that the party knowingly has agreed to it.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991).  In *Carnival Cruise Lines*, the Court felt it necessary to express, no less than three times, that the plaintiffs there conceded they were aware of the clause at the time they entered into the agreement.  *Carnival Cruise Lines*, 499 U.S. at 590, 595 (Plaintiffs "have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity").  A forum selection clause is unenforceable if its inclusion was the product of fraud.  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974). Plaintiff never agreed to file

suit in New York because YP.com concealed from them the very existence of the clause by withholding the Terms and Conditions – the only document containing the forum selection clause.  It cannot be said that Plaintiff voluntarily agreed to make the forum selection clause part of its contract with YP.com because it was completely unaware of the clause.

Numerous cases hold that the validity of a forum selection clause in a contract of adhesion, like YP.com's, depends on whether the existence of the clause was reasonably communicated to the plaintiff.  *See Carnival Cruise Lines*, 499 U.S. at 595; *Lavoie v. Suncruz Casino Cruises, LLC*, No. 4:08-cv-2183-RBH, 2009 U.S. Dist. LEXIS 12916, at *7 (D.S.C. Feb. 19, 2009) (forum selection clause unenforceable where plaintiff did not receive notice of it until after purchase of non-refundable cruise ticket); *Angeles v. Norwegian Cruise Lines, Inc.*, No. 01 CV 9441(RCC), 2002 U.S. Dist. LEXIS 16134, at *13 (S.D.N.Y. Aug. 29, 2002) (denying summary judgment and holding forum selection clause unenforceable where plaintiff provided affidavit that she never received a copy of documents containing forum selection clause); *O'Brien v. Okemo Mountain*, 17 F. Supp. 2d 98, 103 (D. Conn. 1998) (insufficient notice where forum selection clause was printed in small typeface on the back of a ski lift ticket affixed to plaintiff's jacket).[3]  In order for a court to find sufficient notice, a plaintiff must have had the "opportunity to read a clearly identified and intelligible forum selection before accepting the contract." *Sarmiento v. BMG Entm't*, 326 F. Supp. 2d 1108, 1110 (C.D. Cal. 2003).

Where a contract is truncated so as to exclude or hide the clause, a forum selection clause will not be enforced.  *Epps v. 1.I.L, Inc.*, No. 07-02314, 2007 WL 4463588, at *4-5 (E.D. Pa. Dec. 19, 2007).  Courts also have found "coercion in the inclusion" of a clause (in that case one for arbitration) where the initial agreement did not contain the provision but, where it was added in a later document.  *Bhari Info. Tech. Sys., Ltd. v. Allied Boston Bank Inc.*, No. C 05-01223 SI,

---

[3] A "contract of adhesion" is defined as "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1412 (9th Cir.  1996); *see also Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976, 982-83 (9th Cir. 2007) (a contract of adhesion is "imposed upon the subscribing party without an opportunity to negotiate the terms").  All of those factors are present here.

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 7 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

2005 WL 3481473, at *3 (N.D. Cal. Dec. 20, 2005).  *See also Hua v. MEMC Elec. Materials, Inc.*, No. C 09-555 JF (RS), 2009 WL 1363545, at *4, *6 (N.D. Cal. May 14, 2009) (finding in a case decided under the Uniform Commercial Code that defendant's terms and conditions which were not delivered to the plaintiff at the time of contracting were not part of the contract between the parties); *Chateau Des Charmes Wines Ltd. v. Sabate USA Inc.*, 328 F.3d 528, 531 (9th Cir. 2003) (holding "the forum selection clauses were not part of any agreement between the parties" where the clause was contained in invoices submitted after the parties' agreement).

These cases are directly on point.  Defendants provided Plaintiff with an abbreviated Application – which did not reference the Terms and Conditions containing the forum selection clause.  Defendants also did not provide Plaintiff with a copy of the Terms and Conditions before of after it executed the Application.  As such, Plaintiff received no notice of the forum selection clause contained in the Terms and Conditions.   In addition, YP.com does rebut Plaintiff's allegations, or the Tucker and Wroten Affidavits.  YP.com only asserts that its "salesperson would have explained that additional terms and conditions applied and would have provided a hard copy of the Terms and Conditions for the customer to review.  *See* Mem. at 2; *see also* Adams Decl. ¶ 3.[4]  YP.com does not contend that its salesperson in fact provided or explained the Terms and Conditions to Plaintiff or even made Plaintiff aware of their existence.  Nor can YP.com assert that Plaintiff's Application referenced the Terms and Conditions.   YP.com attempts to fault Plaintiff for failing to ask to see the Terms and Conditions before agreeing to purchase the service.  However, as Plaintiff had no knowledge that the Terms and Conditions even existed, it hardly could have asked to see them.  *See also Angeles*, 2002 U.S. Dist. LEXIS 16134, at *13 (finding no evidence that forum selection clause was reasonably communicated where "[i]n rebuttal, Defendant argues that Plaintiff does not state that she requested copies of the [documents containing the forum selection clause] but was denied access to them").  Amazingly, YP.com also cites an irrelevant complaint Plaintiff made to the Better Business

---

[4] "Mem." or "Memorandum" refers to the Memorandum of Points and Authorities in Support of Defendant Yellowpages.com, LLC's Motion to Dismiss or, in the Alternative, to Transfer.

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 8 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

1    Bureau ("BBB").  YP.com refers to Plaintiff's BBB complaint against YP.com, which it asserts

2    "raised no complaint regarding the forum selection clause" – apparently to imply that Plaintiff

3    had no problem with the clause.  Again, it defies logic to expect Plaintiff to lodge a complaint

4    over a forum selection clause it had no idea existed.

5         The law is settled that where the evidence demonstrates that a forum selection agreement

6    is affected by fraud or undue influence, a court should refuse to enforce its provisions.  Here,

7    each and every provision in the Terms and Conditions, including the forum selection clause, was

8    withheld from Plaintiff as a result of Defendants' fraud.

9         The cases YP.com relies on are unavailing.  In *Rowsby v. Gulf Stream Coach, Inc.*, No.

10   SA CV 08-1213 DOC (FFMx), 2009 WL 1154130, at *2 (C.D. Cal. Feb. 9, 2009), the court

11   opined that the plaintiff's claim seeking to enforce the warranty agreement was evidence that he

12   accepted the terms of the agreement.  Plaintiff, however, is not seeking to enforce the Terms and

13   Conditions.  On the contrary, the Terms and Conditions are not even part of Plaintiff's contract

14   with YP.com.  Rather, Plaintiff filed claims under the UCL to provide recourse for consumers

15   victimized by fraudulent business practices – including the failure to provide the relevant terms

16   and conditions.

17        YP.com also relies on numerous cases, unlike this one, where plaintiffs received terms

18   and conditions before or at the time they entered their contracts.  In *Lowden v. T-Mobile USA*

19   *Inc.*, No. 09-35201, 2010 WL 1841891, at *1 (9th Cir. May 10, 2010), the court found that when

20   the plaintiffs opened their accounts with T-Mobile, they agreed to be bound by the terms and

21   conditions listed on the back of the service agreements provided to them before they entered into

22   their contract.  When the plaintiffs in *Stern v. Advanta Bank Corp.*, No. C 09-3276 PVT, 2010

23   WL 1028375, at *4 (N.D. Cal. Mar. 18, 2010) applied for their credit cards from Advanta, "they

24   each agreed to summary terms and conditions that were provided to them by Advanta, which

25   included an agreement to be bound by the terms and conditions that would be sent to them with

26   their credit cards."  The forum selection clauses enforced by the courts in *Craigslist, Inc. v.*

27   *Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1052 (N.D. Cal. 2010) and *Molnar v. 1-800-*

28

1 | *Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2008 WL 4772125, at *1 (C.D. Cal. Sept. 29,

2 | 2008) were contained in the websites' terms of use which must be accepted by users in order to

3 | access the defendants' websites.  In contrast to these cases, Plaintiff never received any terms

4 | and conditions.[5]

5 |      YP.com's forum selection clause is the product of fraud and overreaching, and cannot be

6 | enforced as a matter of law.  Thus, YP.com's Motion should be denied.

7 | **V.      YP.COM'S FORUM SELECTION/CHOICE OF LAW CLAUSE
8 |         VIOLATES CALIFORNIA PUBLIC POLICY**

9 |      A forum selection clause is also unenforceable "'if enforcement would contravene a

10 | strong public policy of the forum in which suit is brought, whether declared by statute or by

11 | judicial decision.'"  *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S*

12 | *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)).

13 | California's public policy is clearly stated, and holds that California will enforce forum selection

14 | agreements "only so long as they are procured freely and voluntarily, with the place chosen

15 | having some logical nexus to one of the parties or the dispute, and so long as California

16 | consumers will not find their substantial legal rights significantly impaired by their

17 | enforcement."  *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 12 (2001).[6]

18 |        **A.      YP.Com's Forum Selection Clause Violates California Public Policy
19 |            Because New York Has No Logical Relation to the Parties Or the
           Dispute**

20 |      YP.com's chosen New York forum has no relation to the parties or this dispute, as

21 | California law requires.  YP.com is headquartered in Glendale, California, and incorporated in

22 | Delaware.  Cpl. ¶ 13; Sokolowski Decl., Ex. C.  Also, the circumstances giving rise to Plaintiff's

---

[5] *Testa v. Becker*, No. CV 10-638 GHK (FMOx), 2010 WL 1644883 (C.D. Cal. Apr. 22, 2010) is irrelevant as that case involved a dispute over notice (of an amendment to a forum selection clause) to the employer versus notice to the employee under an ERISA plan.

[6] Plaintiff already has addressed the fact that YP.com's forum selection clause was not "procured freely and voluntarily," but was instead procured by fraud and overreaching. *See supra* Section III.

allegations against YP.com, including corporate policies regarding the sales, marketing, and implementation of the YP Clicks! Program, occurred in California – not New York.  Cpl. ¶ 51. In addition, two of the four *Herman* plaintiffs reside in California. *Herman* Cpl., p.1.  None of the named plaintiffs in either of the consolidated cases resides in New York.  Tellingly, YP.com makes no attempt to establish any logical relationship between New York and the parties, or this lawsuit, because no such relationship exists.  The absence of any logical connection between the parties and/or the lawsuit and New York renders the forums selection clause unenforceable under California public policy.

**B.    YP.com's Accompanying Choice of Law Clause Also Violates California Public Policy**

YP.com's forum selection clause is accompanied by a choice of law clause, which provides that the "Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York applicable to contracts entered into and performed in New York by residents thereof."  Mem. at 2.  In cases, such as this, where a choice of law clause and choice of forum clause co-exist, the considerations regarding whether to enforce the forum selection clause "are inextricably bound up in the question of the validity of the choice of law provision; and a determination as to the validity of the choice of law provision is prerequisite to a determination of whether the forum selection clause should be enforced."  *Hall v. Super Ct.*, 150 Cal. App. 3d 411, 416 (1983) (denying enforcement of choice of forum/law clause where applying Nevada law would waive California remedies in violation of public policy).  As such, YP.com's clause also requires a choice of law analyses under California's choice of law rules.[7]

---

[7] In resolving conflicts of law, a federal court applies the choice of law rules of the forum state, here California.  *Bassidji v. Goe*, 413 F.3d 928, 933 (9th Cir. 2004) (diversity jurisdiction); *Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1067 n.2 (9th Cir. 2007) (supplemental jurisdiction).

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 11 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |

DOCS\526427v2

1.     **YP.Com's Choice of Law Provision Is Unenforceable Because New York Has No Relationship to the Parties or the Transactions at Issue**

"The California Supreme Court has held that under California's choice of law analysis, a court must determine as a threshold matter 'whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law.'" *Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (quoting *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 466 (1992). "If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law." *Nedlloyd*, 3 Cal. 4th at 466. This threshold inquiry in the choice of law analysis mirrors the "logical nexus" inquiry in California's choice of **forum** analysis, reinforcing California's fundamental interest in refusing to apply an arbitrarily-chosen body of substantive law – even pursuant to a purported "agreement" to do so. As discussed above, New York has no relationship to the parties or the transactions at issue, let alone a "substantial" one, and YP.com does not attempt to assert such a relationship. As such, YP.com's invocation of New York law, and thus the New York forum, is dead on arrival.

2.     **Applying New York Law Would Violate California's Fundamental Public Policy of Regulating Deceptive Business Conduct Within Its Borders**

Even if YP.com did not fail the threshold "substantial relationship" inquiry (and it did), it would still fail to establish that New York law should apply under California's three-part "government interests analysis." The California Supreme Court outlined the analysis as follows:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state" and then ultimately applies "the law of the state whose interest would be the more impaired if its law were not applied."

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 12 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

1    *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107-08 (2006) (quoting *Bernhard v.*

2    *Harrah's Club*, 16 Cal. 3d 313, 320 (1976)).  Any identified difference between California's and

3    the other state's law must be material – in other words, applying the other state's law would

4    affect the outcome on the merits – in order for the analysis to proceed.  *Wershba v. Apple*

5    *Computer, Inc.*, 91 Cal. App. 4th 224, 241 (2001).  In addition, the party urging that the law of

6    another state should apply has the burden of showing a material conflict and identifying the other

7    state's interest in having its law apply.  *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th

8    1436, 1465 (2007).  Accordingly, YP.com must shoulder the burden of demonstrating that

9    California law does not apply.

10        Even if YP.com can establish some material difference between New York and

11   California law, California's interest in regulating business conduct within the state is paramount.

12   YP.com will be hard-pressed, under the second prong of the government interests analysis, to

13   articulate New York's interest in applying its law to this case all – in which no party is

14   incorporated in, or resides in, New York.  Even if YP.com surmounted that hurdle, under the

15   third prong, the circumstances of this case make clear that California's interests would be more

16   impaired if its law were not applied.

17        California has a fundamental interest in regulating conduct that occurs in or emanates

18   from the state, particularly when unfair or fraudulent business practices in the state are directed

19   at consumers.  It is undisputed that YP.com is headquartered in Glendale, California.  (Cpl. ¶ 13).

20   Also, YP.com does not dispute Plaintiff's allegation that the relevant conduct relating to the YP

21   Clicks! program occurred in California.  (Cpl. ¶ 51).  California  "has a clear and substantial

22   interest in preventing fraudulent practices in this state which may have an effect both in

23   California **and throughout the country**."  *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal.

24   4th 1036, 1063 (1999) (emphasis added).  The court went on to explain that "California also has

25   a legitimate and compelling interest in preserving a business climate free of fraud and deceptive

26   practices."  *Id.* at 1064.  The circumstances necessarily implicate California's "clear and

27   substantial interest in preventing fraudulent practices in this state which may have an effect both

28

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 13 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

1  in California and throughout the country" as well as its " legitimate and compelling interest in

2  preserving a business climate free of fraud and deceptive practices." *Diamond Multimedia*, 19

3  Cal. 4th at 1063, 1064. *See also J.P. Morgan & Co., Inc. v. Super. Ct.*, 113 Cal. App. 4th 195,

4  221 (2003) ("California definitely has an interest in deterring fraudulent conduct by businesses

5  headquartered within its borders and protecting consumers from fraudulent misrepresentations

6  emanating from California . . . .") (quotations and citations omitted)).

7          California's interest in curbing California-based unfair business practices is reflected in

8  the state's desire to afford residents ***and non-residents*** remedies under California law via

9  nationwide class actions under the UCL   *See e.g.*, *Wershba*, 91 Cal. App. 4th at 243 (applying

10  UCL to non-residents where "some or all of the challenged conduct emanates from California")

11  (citing *Clothesrigger v. GTE Corp., Inc.*, 191 Cal. App. 3d 605, 612-13 (1987); *Norwest Mortg.,*

12  *Inc. v. Super. Court*, 72 Cal. App. 4th 214, 222 (1999)).  In contrast, it appears that courts in New

13  York have only expressed interest in curbing fraudulent and deceptive business practice where

14  "some part of the underlying transaction . . . occur[s] in New York State." *Mountz v. Global*

15  *Visions Prods.*, 770 N.Y.S.2d 603, 608 (N.Y. Sup. Ct. 2003). *See also Goshen v. Mut. Life Ins.*

16  *Co.*, 98 N.Y.2d 314, 325 (N.Y. Ct. App. 2002) ("to qualify as a prohibited act under the statute,

17  the deception of a consumer must occur in New York").   As such, courts in New York

18  (interpreting New York's parallel consumer protection statute) have expressed hesitation in

19  providing legal remedies to non-residents of New York for conduct that occurred in, or emanated

20  from, jurisdictions outside of its borders.

21          As such, New York expresses no interest in providing legal remedies for conduct that

22  occurs in California and has no effects in New York State.  While New York residents fall within

23  this scope of interest, New York does not express an interest in providing the type of broad,

24  nationwide remedy available under California law.   Under these circumstances, California's

25  interest in applying its law is clearly superior.

26

27

28

**VI.    DEFENDANT HAS NOT MET THE BURDEN NECESSARY FOR A TRANSFER UNDER THE FIRST TO FILE RULE OR 28 U.S.C. § 1404(a)**

In the Ninth Circuit, the "first-to-file" rule is discretionary and "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).  If "the issues or parties involved in the two suits [a]re not the same, adherence to the first-to-file rule would be reversible error for it would constitute a misapplication of the law." *Alltrade*, 946 F.2d at 628 (citing *Pacesetter*, 678 F.2d at 96); *see also Barapind v. Reno*, 72 F. Supp. 2d 1132, 1146 (E.D. Cal. 1999) ("The rule does not apply where different parties or issues are involved in the two actions"). "'Circumstances and modern judicial reality'" may dictate that a court dispense with the rule. *Pacesetter*, 678 F.2d at 95 (quoting *Church of Scientology v. U.S., Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).  Thus, may also refuse to abide the rule based on equitable concerns. *Alltrade*, 946 F.2d at 628; *see also Guthy-Renker Fitness, LLC v. Icon Health & Fitness*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) ("even if the first-to-file rule is found to be applicable in a given case, the court may still decide to dispense with the rule for equitable reasons").

*Prime Equity* and *Herman* are consolidated.  However, neither the parties, nor the issues in these consolidated actions are the same as those in *Kowalski*.  The only common party is YP.com.  The *Kowalski* action is limited to a class of New Jersey residents, while the *Herman* and *Prime Equity* plaintiffs assert claims on behalf of a nationwide classes.  The causes of action also are different.  *Kowalski* asserts claims  under New Jersey common law and the NJCFA; whereas *Herman* and *Prime Equity* assert claims under California common law and the UCL. *Herman* also asserts common law claims for fraud, negligent misrepresentation and unjust enrichment.  When the "issues are distinct, the requirement of identity of the issues is not met, and the first-to-file rule is inapplicable." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (affirming the district court's refusal to apply the first-to-file rule where the issues were different).  As neither the parties, nor the issues, are the same, the first-to-file rule is not applicable.

1    AT&T is not a party in *Kowalski*.  AT&T is, however, a defendant in this action.  Having

2    previously taken the position that there is no jurisdiction over it in New Jersey, AT&T cannot be

3    allowed to change course now and argue that this matter should be transferred to the District of

4    New Jersey, where it will be forced to defend against Plaintiff's allegations.  Thus, *Prime Equity*

5    cannot be transferred to the District of New Jersey.  *Herman* and *Prime Equity* should remain

6    here in California, where personal jurisdiction unquestionably exists.

7    If, however, this Court disagrees and determines that the parties and issues are the same,

8    it is the court in the first-filed action that should decide whether it will retain the case or let it

9    proceed in the court of second filing.  *See Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F.

10   Supp. 2d 738, 741 (E.D. Wis. 2003); *Daimler-Chrysler Corp. v. Gen. Motors Corp.*, 133 F.

11   Supp. 2d 1041, 1044 (N.D. Ohio).  "Leaving the decision of the first to file dispute to the court in

12   which the first case was filed makes good sense, as it establishes a bright line rule, which is as

13   easy to apply as it is to understand."  *Daimler-Chrysler*, 133 F. Supp. 2d at 1044.

14   "Having selected their forum of preference for their suit, the defendants should not be

15   allowed to choose some other forum in which to have the legitimacy of their action assayed."  *Id.*

16   As a matter of judicial comity, it is also more appropriate for the court of the first filing to make

17   the decision, that is, for the second judge to accede to the decision of the first judge.  *Id.*;

18   *Kimberly-Clark Corp.*, 260 F. Supp. 2d at 741 ("It is the judge in the first-filed case to whom

19   deference is owed.").   Therefore, if this Court believes that the parties and the issues are

20   identical, the Court should allow District of New Jersey to decide whether the cases should

21   proceed there.

22   "A court may also relax the first-to-file rule if 'the balance of convenience weighs in

23   favor of the later-filed action.'"   *Guthy-Renker*, 179 F.R.D. at 270 (quoting *Ward v. Follett*

24   *Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)).  The nationwide class actions in *Herman* and

25   *Prime Equity* were filed in California in part because YP.com's headquarters and principal place

26   of business are located in this state.  Therefore, much of the wrongful conduct complained of in

27   this action emanated from California and, as a result, the plaintiffs may secure nationwide relief

28

1   under the UCL, as explained above.  Two of the named plaintiffs in *Herman*, Cynthia Gibson

2   and Lisa Feeley, also both reside in California.  California is the logical and most convenient

3   place for the nationwide class actions.

4          Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of

5   justice, a district court may transfer any civil action to any other district or division where it

6   might have been brought."  It is settled law that a defendant moving under Section 1404(a) bears

7   a heavy burden of proof to justify the necessity of a transfer.  *See*, *e.g.*, *Cochran v. NYP*

8   *Holdings, Inc.*, 58 F. Supp. 2d. 1113, 1119 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (2000); *E & J*

9   *Gallo Winery v. F & P S.p.A*, 899 F. Supp. 465, 466 (E.D. Cal. 1994); *STX, Inc. v. Trik Stik*, Inc.,

10  708 F. Supp. 1551, 1555 (N.D. Cal. 1988) ("The plaintiff's choice of forum should not be easily

11  overturned.").

12         "The burden is on the moving party to establish that a transfer will allow a case to

13  proceed more conveniently and better serve the interests of justice."  *Allstar Mktg. Grp., LLC v.*

14  *Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (citing *Commodity*

15  *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).  "The defendant must

16  make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."

17  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Sec.*

18  *Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("unless the balance of

19  factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be

20  disturbed").  In this case, YP.com cannot meet its heavy burden.  YP.com's arguments regarding

21  the forum selection clause and first-to-file rule already have been addressed, and dispensed with,

22  above.  Additionally, courts have recognized that the delay resulting from a transfer, even one

23  made in a young case, "can be significant."  *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d

24  810, 821 (N.D. Cal. 2008).  Based on the convenience of parties and witnesses and the interests

25  of justice, both this action and *Herman* should remain in California.

26

27

28

## CONCLUSION

For all of the above reasons, Plaintiff respectfully asks this Court to deny the motion filed by YP.com in its entirety.

DATED: August 16, 2010

**MILBERG LLP**
JEFF S. WESTERMAN
SABRINA S. KIM
ANDREW J. SOKOLOWSKI


                    */s/ Andrew J. Sokolowski*
                    ANDREW J. SOKOLOWSKI

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
Email: jwesterman@milberg.com
skim@milberg.com
asokolowski@milberg.com

**MILBERG LLP**
PETER SAFIRSTEIN
psafirstein@milberg.com
ANDREI RADO
arado@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

**SOMMERS SCHWARTZ, P.C.**
JASON J. THOMPSON
LISA RYCUS MIKALONIS
HENRI O. Harmon
2000 Town Ctr., Ste. 900
Southfield, MI 48075-1100
Telephone: (248) 355-0300

**KRESCH OLIVER**
ARI KRESCH
ALYSON OLIVER
24100 Southfield Road
Southfield, MI 48075
Telephone: (248) 327-6556

**DECLARATION OF SERVICE BY CM/ECF AND/OR MAIL**

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.      Declarant hereby certifies that on August 16, 2010, declarant served the PLAINTIFF PRIME EQUITY HOLDINGS, INC.'S OPPOSITION TO DEFENDANT YELLOWPAGES.COM, LLC'S MOTION TO DISMISS OR TRANSFER by electronically filing the foregoing document listed above by using the Case Management/ Electronic Case filing system.

3.      Declarant further certifies:

☒      All participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system

☐      Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system.  Participants in the case that are not registered CM/ECF users will be served by First-Class Mail, postage pre-paid or have dispatched to a third-party commercial carrier for delivery to the non-CM/ECF participants as addressed and listed in the Service List.

4.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 16th day of August, 2010, at Los Angeles, California.


_____
CECILLE CHAFFINS

| PLTF PRIME EQUITY HOLDINGS, INC.'S OPP TO DEF YELLOWPAGES.COM, LLC's MOT TO DISMISS OR TRANSFER | - 19 - | Consolidated Case No. 10-CV-0195-JAH(AJB) |
| --- | --- | --- |

DOCS\526427v2

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

2

**SAN DIEGO**

3

Consolidated Case No. 10-CV-0195-JAH-(AJB)
Related Case No. 10-CV-0798-JAH-(AJB)

4

*Amanda Herman et al v. YELLOWPAGES.COM, LLC,*

5

**PLAINTIFF COUNSEL LIST:**

6

| **MILBERG LLP** | **MILBERG LLP** |
|---|---|
| JEFF S. WESTERMAN | PETER SAFIRSTEIN |
| jwesterman@milberg.com | psafirstein@milberg.com |
| SABRINA S. KIM | ANDREI RADO |
| skim@milberg.com | arado@milberg.com |
| ANDREW J. SOKOLOWSKI | One Pennsylvania Plaza, 49th Floor |
| asokolowski@milberg.com | New York, NY  10119 |
| One California Plaza | Telephone: (212) 594-5300 |
| 300 S. Grand Avenue, Suite 3900 | Facsimile:  (212) 868-1229 |
| Los Angeles, CA  90071 | |
| Telephone: (213) 617-1200 | |
| Facsimile:  (213) 617-1975 | |
| **SOMMERS SCHWARTZ, P.C.** | **KRESCH OLIVER** |
| JASON J. THOMPSON | ARI KRESCH |
| LISA RYCUS MIKALONIS | ALYSON OLIVER |
| HENRI O. Harmon | 24100 Southfield Road |
| 2000 Town Ctr., Ste. 900 | Southfield, MI 48075 |
| Southfield, MI 48075-1100 | Telephone: (248) 327-6556 |
| Telephone: (248) 355-0300 | |
| *Counsel for Plaintiff Prime Equity Holdings, Inc.* | |
| Peter S. Pearlman<br>**COHN LIFLAND PEARLMAN**<br>**HERRMAN & KNOPF, LLP**<br>Park 80 Plaza West-One<br>Saddle Brook, NJ  07663<br>201-845-9600 (office main)<br>201-845-9423 (fax)<br>551-497-7131 (direct dial)<br>psp@njlawfirm.com | |
| Paul I. Perkins<br>**LYNCH LAW FIRM, PC**<br>45 Eisenhower Drive<br>Paramus, NJ  07304<br>201-543-0300 (office)<br>201-455-6359 (fax)<br>pperkins@lynchlawyers.com | |

| | |
|---|---|
| Frank J. Janecek, Jr.<br>**ROBBINS GELLER RUDMAN<br>    & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>619-231-1058 (office)<br>619-231-7423 (fax)<br>frankj@rgrdlaw.com | |
| J. Gordon Rudd, Jr.<br>**ZIMMERMAN REED, PLLP**<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>612-341-0400 (office)<br>612-341-0844 (fax)<br>gordon.rudd@zimmreed.com | |
| Christopher Polaszek<br>**MILBERG, LLP**<br>Corporate Center One<br>2202 N. Westshore Blvd., Suite 200<br>Tampa, FL 33607<br>813-639-4248 (office)<br>561-892-8164 (fax)<br>cpolaszek@milberg.com | |
| Chris Collins<br>**ROBBINS GELLER RUDMAN<br>    & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>619-231-1058 (office)<br>619-231-7423 (fax)<br>chrisc@rgrdlaw.com | |
| Michael A. Chichester, Jr.<br>**SOMMERS SCHWARTZ**<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>248-746-4096 (office)<br>248-746-4001 (fax)<br>MChichester@sommerspc.com | |

| **DEFENDANT'S COUNSEL:** | |
|---|---|
| James F. Bogan, III (*pro hac vice*)<br>C. Allen Garrett, Jr. (*pro hac vice*)<br>**KILPATRICK STOCKTON LLP**<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>404-815-6467 (office)<br>404-541-3133 (fax)<br>JBogan@KilpatrickStockton.com<br>agarrett@kilpatrickstockton.com | James G. Sandler<br>Richard Max Valdez<br>**SANDLER LASRY LAUBE BYER**<br>  **& VALDEZ**<br>402 West Broadway, Suite 1700<br>San Diego, CA 92101-3542<br>619-235-5655 (office)<br>619-235-5648 (fax)<br>jsandler@sllbv.com<br>rvaldez@sllbv.com |
| | MICHAEL FEKETE (local counsel - New Jersey)<br>**STARK & STARK**<br>40 Lake Center Executive Park<br>401 Route 73 North, Suite 130<br>Marlton, New Jersey 08053<br>856-552-4445 (office)<br>856-874-0133 (FAX)<br>MFekete@stark-stark.com |