UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMENDA HERMAN d/b/a CREATING WELLNESS CHIROPRACTIC CENTER, CYNTHIA GIBSON d/b/a TELEPHONE JACKS, LISA FEELEY d/b/a ALL BAY LOCKSMITH and JEFFREY P. ORDWAY d/b/a EARTHWORKS UNLIMITED, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>YELLOWPAGES.COM, LLC.,<br><br>    Defendant.<br><br>AND RELATED COUNTER-CLAIM. | Civil No. 10cv0195 JAH(AJB)<br>Consolidated w/10cv0798 JAH(AJB)<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **MOTION FOR LEAVE TO EXPAND THE RECORD** **[DOC. # 54]** |

  Plaintiffs have filed an *ex parte* motion seeking leave to expand the record concerning transfer of venue motions that the Court took under submission on September 8, 2010. *See* Doc. # 54. Plaintiffs seek to provide the Court with excerpts of five (5) depositions taken after the pleadings on the motions were closed, *See* id. at 1. Defendant filed an opposition to plaintiffs' *ex parte* motion contending (1) the motion was improperly brought *ex parte*; and (2) the evidence sought to be included in the record is irrelevant. Doc. # 55 at 1.

  Defendant's arguments are unavailing. First, this Court directed plaintiffs to file

1 their application *ex parte*, rather than obtain a hearing date and file the request as a formal
2 motion. This Court's normal practice, when in receipt of an *ex parte* request that is
3 properly served upon the opposing party[1] is to allow the opposing party the opportunity
4 to respond if they so wish. Here, defendant filed a response within one business day of
5 service. Thus, this Court finds plaintiffs' *ex parte* motion properly filed.

6   Second, defendant's relevance argument is unpersuasive. This Court is capable of
7 determining the relevance of evidence submitted in support of, and in opposition to, a
8 motion to transfer. Plaintiffs, in their *ex parte* moving papers, and defendant, in its
9 opposition thereto, have outlined in detail their respective relevance arguments concerning
10 the evidence sought to be considered by this Court in determining the issues presented in
11 the transfer motions. Therefore, this Court finds no reason to deny plaintiffs' *ex parte*
12 motion. Accordingly, plaintiffs' *ex parte* motion to expand the record [doc. # 55] is
13 **GRANTED**.

15 DATED: November 9, 2010

   JOHN A. HOUSTON
17 United States District Judge

---

26 [1] Defendant cites to Local Rule 83.3(h) as the governing rule allegedly violated by plaintiffs. *See* Doc. # 55 at 2. However, Rule 83.3(h) governs filings that are truly *ex parte*, that is, not served upon opposing counsel. *See* CivLR 83.3(h)(requiring declaration or affidavit attesting to the reasons the moving party "should not be required to inform the opposing party or the opposing party's attorney" of the filing of the motion). Plaintiffs, here, served their *ex parte* motion on defendant by electronic mail notice. *See* Doc. # 54. Therefore, no violation of this rule occurred.